Comstock, Ch. J.
 

 The contract for the sale of the plaintiff’s horse to the defendant, was concluded on the part of the latter by his agent, Acker. The agent acted under a written authority contained in a note addressed by the defendant to'the plaintiff, stating that any bargain which Acker might make, would be satisfactory to him, the defendant. This was a general authority, and very plainly it justified the agent in making the engagement on which this suit was brought.
 

 By the terms of the contract, as testified to by the plaintiff’s witness, Greenfield, and as found by the referee, the horse was to be paid for in a span of horses owned by the defendant, which were to be delivered to the plaintiff; by a note of $110, to be signed by the defendant and one Ingham; by a note of $40, given by one Burk; and by a note of $125, given by one Cornell, payable in a buggy, on the 29th of June, 1854. The defendant, through his agent, warranted Cornell to be “good,” and that the plaintiff would get the buggy when the note became due. On these terms the sale was completed, and the plaintiff delivered his horse. The notes were to be sent to the plaintiff on the following day, and they were sent accordingly. There was no written guaranty of the note of Cornell, which turned out to be worthless. The action is founded on the verbal undertaking.
 

 We think that the plaintiff’s acceptance of the note when it was sent to him, without a guaranty indorsed, worked no change in the terms of the contract. The defendant, by his agent, agreed to be answerable for the payment of the note.
 
 *340
 
 If that agreement was valid in law, without being committed to writing, there is no fair pretence for saying that it was waived or discharged because it was not written upon or annexed to the note, when the note was sent to the plaintiff and accepted by him. The guaranty was a verbal one, and was accepted as such when the horse was delivered on the completion of the Sale, and there is, nothing in the finding of the referee, or in the evidence, tending to show that a written undertaking was in the contemplation of the parties. The defendant, in effect, said; “ I will send you the note of Cornell, and I agree to be answerable for its payment,’’ I am unable to see how the acceptance of the note waived the agreement,
 

 We thmk,. in the. next place, that the guaranty was, in effect, one of payment, according to the terms of the note, and not for the collection of the demand by process of law. The evidence” and the finding are, that the defendant’s agent, said that the maker was good, and that he would warrant that the plaintiff would get the buggy when the note fell due. The obvious meaning of this is, that the obligation would be paid at maturity, arid according to its terms. The contract was, therefore, broken, and the defendant became liable to suit.upon it, when Cornell failed to pay, after payment was due.
 

 It is claimed that the guaranty is void by the statute of frauds, In mere form it was certainly a collateral undertaking, because, it was a promise that another person should perform his obligation. But, looking at the substance of the transaction, tye see that the defendant paid, in this manner, a part of the price of a horse sold to himself, In a sense merely formal, he i agreed to answer for the debt of Cornell. In reality he undertook to pay his own vendor so much of the price .of the chattel .unless a third person should make the payment for him, and 1 thereby discharge him. The question at this time hardly claims a discussion, because it was, in effect, decided by this court upon the fullest consideration, in
 
 Brown
 
 v.
 
 Curtis
 
 (2 Comst., 225). There the holder of a note transferred it in payment of his Own debt, indorsing upon it a guaranty of the payment which expressed no consideration ¡ and, on. that ground the undertak
 
 *341
 
 ing was claimed to be void. It was conceded to be void, provided the statute applied to such a case. It was, however, held to be a valid promise, on the ground that the statute did Hot apply. “In such cases,” it was observed, “where the party undertakes, for his own benefit, upon a flail consideration received by himself, the promise is not within the statute.” It is impossible to distinguish, in principle, between that case and the present: certainly no distinction can be drawn favorable to the defendant.
 
 (Johnson
 
 v. Gilbert, 4 Hill, 178;
 
 Nelson
 
 v.
 
 Boynton,
 
 3 Metc., 400.)
 

 The note of Cornell not being paid at maturity, the defendant became absolutely charged as the guarantor, and the debt was from that time due in money. It is urged, however, that the defendant was discharged, by a new arrangement made between the plaintiff and Cornell. This arrangement is not found by the referee, and that alone would be a sufficient answer to the proposition. But, -upon the evidence, it is. only claimed that the plaintiff agreed to wait for the buggy six weeks longer, that Cornell agreed to deliver it at the expiration of that time, and if its value was more than $125, then that the difference was to be paid. There is no pretence that the article was in fact ever offered to the plaintiff, or, indeed, that it was ever made for -him.. Assuming such an agreement to have been proved, it was purely executory; it was never, in fact, executed; and, upon the plain principles of law, it did not discharge the previous liability either of Cornell or of the defendant. There was no contract for a different article, which professed to bind both the parties, and nothing, therefore, in judgment of , law, was substituted for the pre-existing agreement. There was simply an extension of time, founded on no consideration, and therefore binding on no one.
 

 It is further said that the complaint counts upon a warranty of the note, made at the time it was sent and delivered to the plaintiff; whereas the proof showed that the only warranty, if made at all, was given previously, at the consummation of the sale, when the horse was delivered. To this we answer: the Variance does not appear to have been mentioned at the
 
 *342
 
 trial, and, if it had been, the pleading might have been amended, if necessary, in the court below. In this court we, do not reverse judgments upon objections of such a character.
 

 All the judges concurring, . ,
 

 Judgment affirmed.