## FOWLER vs. CLEARWATER and WOOD.

35  143
79h  440

The defendants purchased of the plaintiff his interest in a stock of goods, and in part payment therefor, transferred to him the note of B., indorsing thereon a guaranty of *payment*, but which guaranty, on its face, expressed no consideration. The defendants also verbally represented that the note was good. *Held* that the case was within the decisions which hold that where a guaranty is made for the purpose of paying the party's own debt, it is not a collateral but an original undertaking, and so, good without expressing the consideration.

The taking of such a note, by a vendor, operates as a *giving of credit*, to its maturity, and will prevent the statute of limitations from being a bar.

If, in an action upon such a guaranty, the objection that after the default of the maker the note should have been returned to the defendants, and that the omission to return it is fatal to the plaintiff's right of action, is not taken at the trial, it cannot be raised, for the first time, on appeal.

THIS action was brought upon a guaranty. The first cause of action set out in the complaint, alleges that the plaintiff and defendants were copartners in the mercantile business, at Marbletown, Ulster county, prior to the first day of March, 1854, on which day the plaintiff sold out to the defendants his interest in the said store, and for a part of the purchase price, to wit, for the sum of $268.83, the defendants transferred unto the said plaintiff a note made by one David Bevier, for that sum, payable with interest six months from date, and dated the 22d day of December, 1853. That upon the representation of the defendants that the said note was good and would be paid, and upon their guaranty thereof indorsed upon the said note, the plaintiff accepted and received the same. That the note was not paid at maturity by the maker, nor has any of it since been paid, the maker, David Bevier, being insolvent. That in consequence thereof the defendants are indebted unto the plaintiff in the sum of $268.83, with interest from the first day of March, 1854. The second cause of action alleges, that on the first day of March, 1854, the defendants were indebted to the plaintiff in the sum of $268.83, that being the balance due to the plaintiff, on a sale made to the defendants of all his interest

in a store of goods owned by the parties as copartners, which sum of $268.83 has not nor has any part been paid to the plaintiff by the defendants. The third cause of action in the complaint alleges, that the defendants, in February, 1854, purchased a store of goods of the plaintiff, and in payment thereof transferred a note of David Bevier, which is described. That previous to the transfer, and in conformity with their agreement, the defendants wrote upon the back of said note a guaranty in these words: "We guaranty the payment of the within note. (Signed) Clearwater & Wood." That the defendants then delivered the said note and guaranty to the plaintiff in payment of the said sum of $268.83, that being the price agreed upon for the interest of the plaintiff in the goods and effects of the late firm of Clearwater, Wood & Co., who received the same in payment thereof. That neither the note nor any part thereof has been paid, but the whole thereof is due. That by means thereof the defendants have become liable to pay to the plaintiff the sum of $268.83, with interest from the 13th day of October, 1854. The defendants in their answer alleged, 1st. A general denial. 2d. The statute of limitation. 3d. That on the 6th day of June, 1854, the plaintiff and defendants had a settlement of their accounts, and thereupon the plaintiff was found to be indebted to the defendants in the sum of $148.85, for which sum the plaintiff executed to the defendants his note. The defendants claimed judgment for the amount of the note, with interest from the 6th day of June, 1854. The plaintiff by his reply denied that there was a settlement and accounting as alleged in the answer, and that he gave the note as alleged in the answer.

The cause was tried at the Ulster circuit, on the 7th day of February, 1861, before Mr. Justice WRIGHT, without a jury. The judge found the following facts, in the case: That on and previous to the 13th day of February, 1854, the plaintiff and the defendants were copartners in the mercantile business, at High Falls, Ulster county, and carried on a store

there; that on the said 13th day of February, 1854, the plaintiff sold and transferred his interest in said store as such partner to the defendants, and took in payment for such transfer, among other things, a certain promissory note, made by one David Bevier, being in the words following, viz:

"Six months after date, I promise to pay Clearwater & Wood, or bearer, two hundred and sixty-eight dollars and eighty-three cents, being for settlement of account of C. H. Clearwater, Clearwater & Wood, and Clearwater, Wood & Co., with interest from date.

High Falls, December 22d, 1853.

(Signed) DAVID BEVIER."

That said note was delivered to the plaintiff on the day of said sale to the defendants of his interest in the store, and that the defendants, at the time of such delivery thereof to the plaintiff, indorsed on the back thereof a guaranty in the following words, viz: "We hereby guaranty the payment of the within note;" which guaranty was signed, "Clearwater & Wood," by the defendant Wood. That the defendants, also at the same time, represented verbally to the plaintiff that the note was good, and they believed the same to be good. That the plaintiff afterwards, on the 28th day of September, 1854, recovered a judgment in the supreme court, on said note, against said David Bevier, and on the 3d day of October following, issued an execution thereon to the sheriff of Ulster county. That the plaintiff has not collected said judgment nor said note from Bevier. That on the 6th day of June, 1854, the plaintiff made and delivered to the defendants his promissory note, by which he for value received promised to pay the defendants, or bearer, the sum of $143.85, being for settlement of accounts and note of Lewis Depuy, with interest. That the defendants are still the owners and holders of said note, and no part thereof has been paid, and that there is now due thereon for principal and interest the sum of $210.98. That the summons in this action was delivered to the sheriff for service on the 20th day of February,

1860, and that the same was served on the defendants on the 28th day of February, 1860.

The judge then found the following conclusions of law: 1st. That the guaranty indorsed on said note delivered to the plaintiff by the defendants was void, and the defendants are not liable thereon. 2d. That any right of action the plaintiff might have had for the sale of his interest in the store, was barred by the statute of limitations. 3d. That there was nothing due from the defendants to the plaintiff for the matters alleged in the complaint. 4th. That the plaintiff is indebted to the defendants upon the note made by him on the 9th day of June, 1854, in the sum of $210.98, for which amount the defendants were entitled to judgment against the plaintiff with costs.

From the judgment entered in accordance with these findings, the plaintiff appealed.

*T. R. Westbrook,* for the appellant. I. The judge erred in deciding that the guaranty was void by the statute of frauds. Though the guaranty in *form* was a promise to answer for the debt of *Bevier,* yet in *fact* it was "an engagement to pay the guarantees' *own* debt in a particular way, and would be good without any writing." (*Brown* v. *Curtiss,* 2 *Comst.* 225.) The case of Brown v. Curtiss is expressly approved in *Cardell* v. *McNiel,* (21 *N. Y. Rep.* 336.) The decision in the latter case was unanimous, and on page 340, Comstock, J. says: "It is claimed that the guaranty is void by the statute of frauds. In *mere form* it was certainly a collateral undertaking, because it was a promise that another person should perform his obligation. But, looking at the *substance* of the transaction, we see that the defendant paid, in this manner, a part of the price of a horse sold to himself. In a sense *merely* formal, he agreed to answer for the debt of *Cardell.* In *reality* he undertook to pay *his own* vendor so much of the price of the chattel, unless a third person should make the payment for him, and thereby discharge

him. The question at this time hardly claims a discussion, because it was, in effect, decided by the court upon the fullest consideration in *Brown* v. *Curtiss*, (2 *Comst.* 225.)" In *Mallory* v. *Gillett*, (21 *N. Y. Rep.* 412,) the doctrine is again recognized and *Brown* v. *Curtiss* again approved. See particularly pages 420 to 424. (*Johnson* v. *Gilbert*, 4 *Hill*, 178.) See also the opinion of Shaw, C. J. in *Nelson* v. *Boynton*, (3 *Metc.* 400.)

II. The plaintiff could recover as for goods sold and delivered. The note was no payment. (*Butler* v. *Haight*, 8 *Wend.* 535; *also cases cited under the next point*, and *Monroe* v. *Hoff*, 5 *Denio*, 360.)

III. The cause of action was not barred by the statute of limitations. The note taken was payable *six months* after date, and was dated December 22d, 1853. It was due June 22–25, 1854. (1.) If this be regarded as an action upon the *guaranty*, it is not barred by statute. When did the cause of action *arise?* (*Code*, § 74.) Manifestly at the maturity of the note. According to the case of *Cardell* v. *McNiel*, (21 *N. Y. Rep.* 336,) he agreed to pay his own debt, "*unless* a third person paid it for him." No cause of action, therefore, could arise, until Bevier failed to pay. (2.) If this be regarded as an action for the *purchase price* then it was not barred by the statute. The effect of taking the note was to suspend the action upon the purchase price, until the maturity of the note. (*Putnam* v. *Lewis*, 8 *John.* 389. *Van Eps* v. *Dillaye*, 6 *Barb.* 252. *Story on Contracts*, 2d ed. § 979. *Edwards on Bills*, 297. *Stedman* v. *Gooch*, 1 *Esp.* 3.)

*A. J. Parker*, for the respondents. I. The guaranty was void by the statute of frauds, for the reason that no consideration was expressed on its face. No consideration could be proved by parol. (2 *R. S.* 135, § 2. 3 *id.* 5th ed. 221. *Brewster* v. *Silence*, 4 *Seld.* 207. *Hall* v. *Farmer*, 2 *Comst.* 553. *Draper* v. *Snow*, 20 *N. Y. Rep.* 331. *Monroe* v. *Hoff*, 5 *Denio*, 360.)

II.. The plaintiff cannot recover for the goods sold, for it was over six years after the sale before the commencement of this suit. The sale was February 13, 1854, and this suit was commenced February 20, 1860. (1.) No time of credit was agreed to be given. (2.) The guaranty being void, the whole consideration price was presently due. (3.) Even if the guaranty had been valid, it would not have operated to make the sale of the goods a sale on credit; for if the note and guaranty were turned out *in payment* of the goods, it shows the contract called for payment at that time and not for credit. If they were not turned out in payment, then there was nothing to prevent the plaintiff's proceeding immediately to collect the debt then due him.

III. It appears by the allegations of the complaint, from the testimony of the plaintiff, and from the finding of the judge, that the note was received by the plaintiff *in payment.* The debt on the. goods was therefore extinguished, and no action can be maintained for the original consideration. The plaintiff can therefore have no remedy unless he is entitled to it on the guaranty of the note. (*Noel* v. *Murray*, 3 *Kern.* 167. *S. C.*, 1 *Duer*, 385. *Waydell* v. *Luer*, 3 *Denio*, 410.) The cases which hold that the fact that a guaranty of the note was given will justify the inference that the note was not received by the plaintiff in payment are not applicable here, because the question of its being received in payment is here put at rest by the pleadings and proof as well as by the finding. It is a conceded fact that it was so received, and cannot now be questioned.

IV. The plaintiff should have returned the note to the defendants immediately after the maker failed to pay it. He has never offered to return it, nor did he even bring it in for the defendants at the trial. (*Thomas* v. *Todd*, 6 *Hill*, 340. 2 *John.* 455. *Edwards on Bills*, 207.) Bank notes and negotiable promissory notes stand upon the same footing, and are governed by the same rules. (*Edwards on Bills*, 205, 6. 2 *John.* 461.)

Fowler *v.* Clearwater.

V. The plaintiff failed to establish any claim. The counter-claim of the defendants was proved, and judgment was properly rendered for its amount in favor of the defendants.

GOULD, J. This case seems clearly within the decisions which hold that where a guaranty is made for the purpose of paying the party's *own debt*, it is *not* a *collateral* but an *original* undertaking, and so, good without expressing the consideration. (*Cardell* v. *McNiel*, 21 *N. Y. Rep.* 336. *Brown* v. *Curtiss*, 2 *id.* 225.) If this be so, it is plain that for so much of the price of his interest in the partnership, the taking of this note operated as a *giving of credit*, to its maturity. (*Van Eps* v. *Dillaye*, 6 *Barb.* 252.) And the statute of limitations is no bar.

The failure to return the note is a new point, not taken at the trial; and not to be taken here, for the first time.

The judgment of the circuit should be reversed, and a new trial ordered; costs to abide the event.

HOGEBOOM, J. I. The judge at the circuit held that the guaranty indorsed upon the note was void. In this I think he clearly erred, if we are to follow the decisions of our court of appeals. The transaction was briefly this:

1. The defendants purchased of the plaintiff his interest in a store or stock of goods.

2. In part payment therefor they transferred to him the note of a third person, (Bevier,) and cotemporaneously indorsed upon the note the guaranty in question—a guaranty of *payment*, but on its face expressing no consideration—and verbally represented that the note was good.

3. The note was not paid at maturity, nor was it collectible.

4. The suit is brought upon a complaint setting forth all these facts.

The cases of *Brown* v. *Curtiss*, (2 *Comst.* 225,) and *Cardell* v. *McNiel*, (21 *N. Y. Rep.* 336,) distinctly hold that a written guaranty, or verbal promise or representation, made

cotemporaneously with the transfer of the note of a third person to the plaintiff, that the note is good and will be paid at maturity, is not within the statute of frauds, and is not void, though expressing no consideration; provided it rests upon a consideration moving to the promissors, at the time, from the promisee, or be a mode of paying their own debt to the plaintiff. It is put upon the ground that it is not a promise to answer for the debt, default or miscarriage of another party, but is a mode of paying their own debt, or meeting their own obligations. It is obligatory, therefore, if it has a consideration upon which to rest. In the case at bar the consideration was ample.

II. It is claimed that the note was received in absolute payment of the plaintiff's demand, and therefore that the remedy is confined to an action upon that instrument. But it is obvious from the whole case that the note, *distinct and separate* from the parol promise and written guaranty, was not intended to be so received, but in connection with them. And this is the fair construction both of the pleadings and the judge's finding of facts.

III. It is claimed that after the default of the maker of the note, the note should have been returned to the defendants without delay; and that the omission to return it is fatal to the plaintiff's right of action.

If, in ordinary cases, a note thus received in payment of the plaintiff's claim, is necessary to be returned to the persons from whom it is received as a preliminary to the institution of a suit, which I do not concede, it was impossible to do so in this case, as the guaranty was *indorsed* upon the note, and the plaintiff was obliged to retain it, as the evidence of his cause of action.

But no such point was made at the trial, and *non constat* if it had been, but that the plaintiff could have shown an actual return of the paper, or notice to the defendants that the note was dishonored.

The judgment of the circuit court should be reversed, and a new trial granted, with costs to abide the event.

WRIGHT, J.  I am satisfied that the case fairly falls within the principles of the decisions in the court of appeals cited by Judge Hogeboom.  I concur in reversal.

New trial granted.

[ALBANY GENERAL TERM, September 2, 1861.  *Wright, Gould* and *Hogeboom,* Justices.]