GILBERT MILK, RESPONDENT, v. CHARLES J. RICH, APPELLANT.

*Guaranty of note — when it need not be in writing.*

Where, upon the sale of a promissory note, the vendor warrants that it is good and will be paid at maturity, such guaranty is not within the Statute of Frauds, and is valid, though not in writing.

APPEAL from a judgment in favor of the plaintiff, entered on a verdict rendered at the Cattaraugus Circuit, and also from an order

of the Special Term, denying defendant's motion for a new trial on a case and exceptions.

The action was brought to recover the amount of a note for $500, made by one C. E. Marsh to the order of, and indorsed by, S. S. Marsh, which had been sold by the defendant to the plaintiff. The latter claimed that defendant had warranted that the note was good and would be paid at maturity. The note not having been paid, this action was brought upon the warranty.

*C. D. Murray* (H. M. Herrick, att'y), for the appellant.

*Henderson & Wentworth*, for the respondent. The facts bring this case within the third class of cases mentioned by KENT, Ch. J., in *Leonard* v. *Vredenburgh* (8 John, 29, 39). And also in the third class, as classified by COMSTOCK, Ch. J., in *Mallory* v. *Gillett* (21 N. Y., 412, 423). The defendant's guarantee or agreement is not collateral to the debt or liability of the parties to the note, but is an independent agreement based upon new considerations moving from the plaintiff, the promisee, to the defendant, the promisor. (See, also, *Brown* v. *Curtis*, 2 N. Y., 225; *Cardell* v. *McNeil*, 21 id., 336; *Sanders* v. *Gillespie*, 59 id., 250; *Bruce* v. *Burr* [Ct. of App., 1876], 3d vol., W. Dig., p. 533, 67 N. Y., 237; *Dauber* v. *Blackney*, 38 Barb., 432.)

SMITH, J.:

The evidence warranted the conclusion that the defendant sold the Marsh note as his own property, for a valuable consideration received from the plaintiff, and the jury are presumed to have so found. They are also presumed to have found, upon sufficient evidence, that, at the time of selling the note to the plaintiff, the defendant promised and warranted that it was good, and that it would be paid at maturity. In fact, it was not good and was not paid. The only question presented by the facts found, is whether the guaranty of the defendant, not being in writing, is void by the Statute of Frauds, as a promise to answer for the debt or default of another. In form, it was a promise that the makers of the note would perform their obligation, but, in reality, it was an undertaking by the defendant, for his own benefit, upon a full consideration received by himself. He contracted on his own

account, and not as a surety for the makers of the note. It has been decided frequently, that such a promise is not within the statute. (*Johnson* v. *Gilbert*, 4 Hill, 178; *Cardell* v. *McNiel*, 21 N. Y., 336; *Bruce* v. *Burr*, 67 id., 237.)

The judgment and order should be affirmed.

MULLIN, P. J., and TALCOTT, J., concurred.

Judgment and order affirmed.