AUGUST TERM, 1881. 455

The Eagle Mowing & Reaping Machine Co. vs. Shattuck and another.

## THE EAGLE MOWING & REAPING MACHINE COMPANY vs. SHATTUCK and another.

*November 5 — November 22, 1881.*

*Statute of Frauds: Guaranty.*

Where a debtor induces his creditor to take in settlement of the indebtedness the note of a third person, with such debtor's guaranty of its payment, not stating the consideration, this is in effect a promise by such debtor to pay his own debt in a particular manner, and is not within the statute of frauds.

APPEAL from the Circuit Court for *Kewaunee* County. The defendants were agents of the plaintiff, under a written contract, for the sale of certain machines in the territory named, and were to receive for their commission and in full payment all over certain specified prices; and they agreed to turn over to the plaintiff the balance of the notes and cash received for such machines, at the end of the season. Upon an accounting, October 11, 1876, it was found that the defendants were short nearly $100, having neither money nor notes on hand, taken on the sale of such machines, with which to pay the amount due from them to the plaintiff upon their contract. Finally, the plaintiff received a note, dated May 25, 1876, written upon one of the plaintiff's blanks, payable to the plaintiff or order. This note had not been taken for any machine furnished by the plaintiff, but for other property sold to the maker, one McNally, by the defendants, and was not accompanied by any property statement, as required by the contract; and for these reasons the plaintiff at first objected to receiving the same, but was finally induced to take it upon the defendants guarantying it upon the back in these words: "We or either of us guaranty the payment of the within note. L. SHATTUCK and H. SCHIMLING." The complaint in this action was upon the written contract first mentioned, as well as the guaranty, and the evidence established the facts above

stated.   The court rendered a judgment of nonsuit, from which
the plaintiff appealed.

For the appellant there was a brief by *Timlin & Manseau,*
and oral argument by *Mr. Timlin.*

For the respondent there was a brief by *R. L. Wing,* and
oral argument by *Ed. E. Bryant.*

CASSODAY, J.   Section 2307, R. S., among other things, pro-
vides, in effect, that " every special promise to answer for the
debt, default or miscarriage of another person,  .  .  .   shall
be void, unless such agreement, or some note or memorandum
thereof, expressing the consideration, be in writing and sub-
scribed by the party charged therewith."   This statute has
been in force for many years.   Section 2, ch. 107, R. S. 1858.
This court, as well as others, has frequently held that no
"special promise to answer for the debt, default or miscar-
riage of another person " can be enforced unless it be in writ-
ing, subscribed by the party, and expressing a consideration.
*Taylor v. Pratt,* 3 Wis., 674; *Reynolds v. Carpenter,* 3 Pin-
ney, 34; *Day v. Elmore,* 4 Wis., 190; *Houghton v. Ely,* 26
Wis., 181; *Parry v. Spikes,* 49 Wis., 384.   But can it here
be reasonably claimed that the promise of the defendants, sued
upon, was to answer for the debt, default or miscarriage of
another person?   At the time of the accounting and settle-
ment of the defendants with the agent, the maker of the note
in question was not indebted to the plaintiff, but to the de-
fendants.   The note was not given for property belonging to
or furnished by the plaintiff, but for property belonging to
and furnished by the defendants.   The note at the time was
the property of the defendants.

The defendants being indebted to the plaintiff for money
or notes taken for the plaintiff's machines, and by them con-
verted to their own use, turned out the note in question, with
their guaranty upon it, as their own property, in payment of
their own debt.   Are they to be discharged of their debt with-

out being held liable on their guaranty? Does the case come within the language or meaning of the statute? Was the promise of the defendants anything more than a promise to pay their own debt in the manner stated? We think it was not, and the case, therefore, comes clearly within the rule of *Wyman v. Goodrich,* 26 Wis., 21, where it was held that "where the owner of a note, as part of the terms of sale thereof, guaranties its payment, his contract is not within the statute of frauds." It was not the consideration of the note which was the basis of the promise of the defendants to the plaintiff, but the money or property of the plaintiff, which the defendants had converted to their own use, and which they undertook to pay by the transfer of the note with their guaranty upon it. It was in form a guaranty of the payment of the note, but the guaranty was in fact made in payment of their own debt. Such a case is neither within the letter nor spirit of the statute, as abundantly appears from the decisions of this court, and cases therein cited. *Dyer v. Gibson,* 16 Wis., 557; *Putney v. Farnham,* 27 Wis., 187; *Young v. French,* 35 Wis., 111. See also *Barker v. Scudder,* 56 Mo., 272; *Hall v. Rogers,* 7 Humph., 536; *Fowler v. Clearwater,* 35 Barb., 143.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.