### EDWIN R. LAWRENCE, APPELLANT, *v.* DWIGHT B. BAKER, RESPONDENT.

*Statute of limitations — effect of the giving of his own note by the debtor for a part of the claim — when a payment of the note to an indorsee for value will not be treated as an admission of indebtedness.*

Upon the trial of this action, commenced in September, 1884, to recover for lumber sold to the defendant, the plaintiff proved a balance of eighteen dollars and seven cents due on May 1, 1876, and an additional balance of $162 due for other lumber sold on July 1, 1878. He also proved that on July 1, 1878, the defendant gave his note to him for $300, at three months, upon account of the lumber sold; that the plaintiff had the note discounted at a bank, the proceeds thereof being credited to and drawn out by him. The note was paid but whether at, before or after maturity was not shown.

*Held*, that the action was barred by the statute of limitations. (LANDON, J., dissenting.)

That even if it were assumed that the note was paid to the bank on the day it became due, October 4, 1878, it would not remove the bar of the statute.

That as the defendant could not avoid paying the note, which had passed into the hands of a *bona fide* holder for value, the payment could not be treated as an admission of his indebtedness to the plaintiff at that time. (LANDON, J., dissenting.)

To what extent the giving of the note was an acknowledgment of the debt, considered.

MOTION for a new trial by the plaintiff upon exceptions taken on the trial at the Sullivan Circuit, and directed to be heard in the first instance at the General Term.

The plaintiff, by his complaint, for lumber sold to the defendant, claimed a balance of eighteen dollars and seven cents due May 1, 1876, also an additional balance of $162 for other lumber sold July 1, 1878. The action was commenced September 30, 1884. The answer was the statute of limitations. The plaintiff proved the sales and balances as of the dates claimed. He also proved that on the 1st day of July, 1878, the defendant gave his note for $300, at three months, upon account of the lumber sold. The plaintiff had the note discounted at a bank, and the proceeds placed to his credit, which he subsequently drew out upon his check. This note was paid by the defendant to the bank, but whether at, or before or after maturity was not shown. He also proved that he received from the defendant, at its date, the following letter :

"SUFFERN, N. Y., *July* 10, 1880.
" Mr. E. R. LAWRENCE :

" DEAR SIR. — Inclosed find check for $18.07 to balance account.

" Yours truly,

"D. B. BAKER."

There was no other evidence touching a check. The court, upon the close of the plaintiff's case, granted the defendant's motion for a nonsuit.

*James J. Curtis*, for the appellant.

*Gerret Z. Snider*, for the respondent.

LEARNED, P. J.:

The giving by a debtor of a note of a third person to apply on his debt is a payment under the statute of limitations (*Smith* v. *Ryan*, 66 N. Y., 352; Code Civ. Pro., § 395), because it is immaterial, so far as the effect of payment goes, whether the debtor pays in cash or in chattels, or in the obligation of another. In either case he parts with something of value and transfers it to the creditor to apply on the debt. But when he gives his own note he parts with nothing of value. He only makes a new promise in a new form. He makes a written acknowledgment or promise under the section above cited. (*Kincaid* v. *Archibald*, 73 N. Y., 189.)

Whether he makes any written acknowledgment or promise except to the extent of the note which he gives, seems to be doubtful. A man who makes a note promising to pay $300 does not thereby acknowledge that he owes, nor does he promise to pay $460. If there be any presumption, it is that the amount of the note is all that he owes. At any rate, the time when the acknowledgment or promise is actually delivered is the time when it takes effect, in respect to the statute of limitations, as a written promise or acknowledgment. (*Kincaid* v. *Archibald*, *ut supra*.) If, then, the giving of the $300 note was an acknowledgment or promise under section 395, in respect to the alleged residue of the debt, it was such at delivery; and the statute of limitations began again to run from that time as to the alleged residue. As to the $300 the statute did not begin to run until maturity of the note, three months later. Assuming, then (which I doubt), that the giving of the $300 note was an acknowledgment or promise as to the alleged balance of $162, its effect was to make the statute of limitations run as to the $162 from July 1, 1878, the time of the giving of the note; while as to the note itself the statute would begin to run only from maturity, viz., October 4, 1878. The plaintiff at once had the note discounted at the bank. No direct proof is given of the payment of the note; but it may be inferred that it was paid by defendant at some time, whether before or after maturity is not shown. This action was commenced September 29, 1884. If, then, the defendant paid that note a week before it was payable, all the plaintiff's argument falls. And if the plaintiff tries to take a

case out of the statute of limitations on the ground of a payment, he should show positively when that payment was made.

But even assuming that payment was made on the exact day of maturity, the plaintiff is no better off. The defendant could not avoid the payment. The note had passed into the hands of the bank and was evidently negotiable. The defendant had no alternative but to pay. He could not have defended on the ground that he owed plaintiff nothing. Now there is no mysterious virtue in a payment. It is held to avoid the statute of limitations, because, by making a partial payment the debtor admits the debt. The courts say: " Why did he make a partial payment if he did not owe the debt." (*Harper* v. *Fairley,* 53 N. Y., 442.) Now when the debtor is in such a position that he has to make the so-called payment, whether he owes the whole debt or not, then there is no longer any admission. This defendant was obliged to pay his note at the bank whether he owed plaintiff any balance or not; or even whether he had ever owed plaintiff anything. Therefore, the payment of the note was no admission by the defendant of any indebtedness to the plaintiff. The bank was not plaintiff's agent, but held the note in its own right. Defendant's money, when he paid, did not go to the plaintiff but to the bank. The payment was no admission of any facts except such as might have served as a defense to the note if the defendant had refused to pay. And that he did not owe the plaintiff would not have been such a fact. Therefore, he did not admit his indebtedness to the plaintiff by paying this note. Judgment should be granted for defendant on the nonsuit, with costs, and motion for new trial denied.

MAYHAM, J. :

I concur; the giving of the note was not in itself an acknowledgment of an unpaid balance not included in it. If any inference is to be drawn from it, it is that the note was *prima facie* evidence of a settlement, and that the note represented the amount found due. But if this presumption does not apply, still it could at most only be used as an admission of indebtedness at the time of its delivery. As the note was negotiable at the bank, by indorsement, and became the property of the bank before payment, the payment by defendant to the bank cannot, it seems to me, be treated as a

payment on the account so as to amount to an acknowledgment of any other indebtedness from the maker to the payee at that time. Again, as the evidence does not show when the note was paid, there is no affirmative proof that the note even was paid within six years before the commencement of the action.

LANDON, J. (dissenting):

The note for $300 was given more than six years before the action was commenced, but it was paid within the six years. The giving of the note was an acknowledgment as of the date when given. The statute (Code Civil Pro., § 395), provides that " an acknowledgment or promise, contained in a writing, signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of this title." What we need, therefore, is " a new or continuing contract." The original one is too old to be valid. If we have a new one we can see whether that is not recent enough, and we can only determine that by ascertaining the date it was made. Such seems to be the tendency of the decisions in this State. (*Kincaid* v. *Archibald*, 73 N. Y., 189; *Smith* v. *Ryan*, 66 id. 352; *McCahill* v. *Mehrbach*, 37 Hun, 504; *Chace* v. *Higgins*, 1 T. & C., 229.)

The giving of the note postponed the statute of limitations, upon the amount stated in the note, but it did not, unless paid, postpone it upon the residue of the indebtedness. This was held in *Smith* v. *Ryan* (*supra*), in a case in which the debtor gave the note, yet to become due, of a third person.

*Gowan* v. *Forster* (3 B. & Ad., 507) was the case of a draft drawn by the debtor upon his consignees in favor of his creditor and delivered to the latter. *Turney* v. *Dodwell* (3 E. & B., 136) was a similar case. It was held in these cases that the acknowledgment was of the date of the drafts and not of the day of payment. Both cases are cited with approval in *Smith* v. *Ryan*. *Irving* v. *Veitch* (3 M. & W., 90) was to the same effect.

Was the payment by the defendant at maturity of the note of $300 to the bank a payment of money upon the whole debt to the plaintiff? If so, then it was a recognition of the residue of the debt not embraced in the note, and the statute would begin to run from the date of the payment. The cases last above cited are to

the effect that when the debtor gives in part payment a note or draft of a third person payable at a future day, the payment thereof by the third person is not the payment of the debtor, and, therefore, does not affect him. The reasoning of the cases seems to proceed upon the theory that if the payment can be traced to the original debtor, he may be regarded as paying upon the original obligation. (See, also, *Harper* v. *Fairley*, 53 N. Y., 442; *Fowler* v. *Clearwater*, 35 Barb., 143.)

The note was given as a conditional part payment of the entire demand. By it the defendant may be considered as promising to pay three months afterwards $300 upon the entire claim. He paid no less to the plaintiff, because the plaintiff had indorsed the note and transferred it to the bank. Payment to the bank was practically payment to plaintiff. It satisfied his liability upon his indorsement.

We think a new trial should be granted, costs to abide event.

Judgment affirmed with costs.