GENERAL MISSIONARY BAPTIST STATE CONVENTION OF ARK.
*v.* SMITH.

5-1220                                    300 S. W. 2d 939

Opinion delivered April 8, 1957.

*Spitzberg, Bonner, Mitchell & Hays,* for appellant.

*John R. Thompson* and *Gerald T. Ridgeway,* for appellee.

CARLETON HARRIS, Chief Justice. This action was instituted as a suit in foreclosure by appellee, Frank C. Smith, M. D., seeking to foreclose a mortgage on various tracts of real property in Pulaski County, Arkansas, owned by appellant. General Missionary Baptist State Convention of Arkansas, appellant herein, filed an answer and cross complaint, alleging that the indebtedness, evidenced by the note and secured by the mortgage, was actually an advance from appellee to appellant representing a part payment of the purchase price under a prior agreement, wherein Dr. Smith was to purchase the lands from the Convention. Appellant stated that it was willing and able to fulfill its part of the agreement by conveying the property in question to appellee in accordance with their agreement, and asked that appellee be required to specifically perform his part of the contract calling for his purchase of the property. Appellee, in answering the cross complaint, admitted that an advance was made under the terms of the agreement between the parties, but alleged that General

Missionary Baptist State Convention of Arkansas was unable to convey clear title to said property as required by their agreement, and that the indebtedness, heretofore referred to, was accordingly due and payable. Appellant admitted that Bolton T. Harris and Floy R. Harris owned jointly an undivided one-fourth mineral interest in the land in question,* but contended that it was only required under the terms of the agreement to convey the property now under litigation, subject to, and not free of, the outstanding one-fourth interest in the minerals. Upon a trial of the issues, the Chancery Court ruled that appellant was required to convey title to the property free of any mineral rights retained by others, foreclosed the mortgage, ordered the property in question sold to satisfy the indebtedness, and dismissed the cross complaint of appellant. From such decree appellant brings this appeal.

The sole question before the Court is whether the Chancellor was correct in determining that the contract called for merchantable title to a portion of the land, and that the sellers were unable to convey such merchantable title. The first instrument executed by both parties in point of time was the Offer and Acceptance Agreement (executed by appellee on July 26, 1954, and on August 21, 1954, by appellant). This instrument is relied upon entirely by appellee to sustain the decree of the Chancery Court, and is relied on only to a slightly lesser degree by appellant. The pertinent portions argued by the parties[1] are as follows:

"* * * It is understood that seller is in arrears of maturities of principal and interest due Bolton T. Harris and Floy Harris on the above note. Purchaser will advance to seller any required amount not in excess of Ten Thousand Dollars ($10,000)[2] for payment of arrearages on said note, upon demand after purchaser shall have examined and approved abstracts of title certified

---

*Retained by the Harrises in their Deed to Appellant.

[1] Provisions pointed out by appellee and appellant as sustaining their contentions are italicized.

[2] Amount actually advanced was $12,000.00.

to date. *showing merchantable title to the lands to be conveyed by seller under its warranty* (but not as to those portions conveyed by quitclaim deed to seller by Bolton T. Harris and Floy R. Harris, for which lands so conveyed by quitclaim deed seller shall not be obligated to furnish abstract or abstracts of title); provided any advances for said purpose by purchaser shall be a loan to seller, bearing no interest *to date of warranty and quitclaim deed by seller to purchaser,* and to bear interest from date of advance at the rate of five per cent if the seller fails to convey said lands to purchaser. * * *"

"* * * Seller shall also deliver to purchaser abstracts of title *to lands to be warranted by it,* certified to date at seller's expense. * * *"

"* * * Purchaser will promptly examine said abstracts, or cause same to be examined, and should he unduly cause or suffer delay in the examination of same, or should he decline to make the advance for payment to Bolton T. Harris or Floy R. Harris, then seller shall be relieved of all its obligations hereunder, and purchaser shall be entitled to receive and retain the earnest money hereinafter mentioned, unless the refusal of purchaser is justified by *one or more real defects in title to the lands to be warranted by seller and which defects seller cannot cure within a reasonable time.* Seller shall have reasonable time and opportunity to cure any defects in title *to lands which it shall be required to warrant hereunder,* but it shall not be obliged to cure any defects in title to lands which it shall quitclaim to purchaser.[3] * * *"

The agreement further provides:

"* * * Contemporaneously, with the making of said advance by purchaser, seller shall execute its note payable to the purchaser on or before 90 days from date and shall execute to purchaser *mortgage upon said lands,*

---

[3] Emphasis in the sentences heretofore italicized supplied by appellee.

subject to lien óf Bolton T. Harris and Floy R. Harris to secure payment of said note. \* \* \*''

Further,

''\* \* \* Seller shall warrant the title to all of said lands (subject to existing easements and rights of way) *only to the extent*[4] that the same were included in the warranty deed of Bolton T. Harris and Floy R. Harris executed to seller, and it shall convey the remainder of said lands by quitclaim deed. \* \* \*''

In compliance with the agreement, appellant executed its mortgage on August 24, 1954, said mortgage containing the following language:

''\* \* \* And for the consideration aforesaid, the grantors herein do hereby further grant, sell and quitclaim unto the said Dr. Frank C. Smith, and unto his heirs and assigns forever, subject, however, to the vendors lien retained in that certain deed dated July 30, 1947, executed by Bolton T. Harris and Floy R. Harris, his wife, to C. D. Pettaway, S. P. Long, W. R. Vaughan, J. B. Barnes, W. S. Thomas, J. B. Thomas, C. E. Canady, W. Marcus Taylor, Mrs. Annie Brown, Mrs. Emma Pratcher, and B. J. Whitfield, as Trustees for General Missionary Baptist Convention of Arkansas, as the same appears of record in Deed Record Book 351, pages 303, *et seq*, in the office of the Recorder of Pulaski County, Arkansas, *and subject, also, to the reservation to the said Bolton T. Harris and Floy R. Harris, his wife, one-fourth (1/4) of all the minerals upon or beneath the surface of the lands hereinafter described, as reserved in the above-mentioned deed.* \* \* \*.'' (emphasis supplied)

Let it first be said that we agree with appellant's contention that the language in the Offer and Acceptance Agreement, quoted above, *viz,* ''\* \* \* Seller shall warrant the title to all of said lands (subject to existing easements and rights of way) *only to the extent that the same were included in the warranty deed of Bol-*

---

[4] Emphasis in the sentences italicized following footnote 3 supplied by appellant.

ton T. Harris and Floy R. Harris executed to seller, * * *'' is cogent evidence sustaining appellant's position that the warranty of absolute mineral rights was not included in the agreement. This position is further strengthened by the provision (above italicized) in the mortgage, which instrument we hold may properly be considered in construing the agreement. The requirement of a mortgage was mentioned, and the execution of same was a part of the Offer and Acceptance Agreement. This mortgage contains two references to the reservation by the Harrises of one-fourth of all minerals upon or beneath the surface of the lands, as reserved in their deed. The mortgage also incorporates the applicable provisions of the Offer and Acceptance Agreement as a part of the instrument.

In *The W. T. Raleigh Co.* v. *Wilkes,* 197 Ark. 6, 121 S. W. 2d 886, Mr. Justice MEHAFFY, speaking for the Court, quoted from R. C. L. as follows: ''The principal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles.'' In *Gowen* v. *Sullins,* 212 Ark. 824, 208 S. W. 2d 450, (1948) this Court, in determining the intent of the parties, read and construed together a sales contract and an escrow agreement. The mortgage presently under discussion was accepted by appellee, and this litigation was instituted by the filing of a complaint to foreclose same. We deem it established that the Offer and Acceptance Agreement, and mortgage and note, were all a part of the same contract, and together, they clearly express the intention of the parties.

The litigation is thus disposed of, and it therefore becomes unnecessary for us to consider the admissibility of the testimony of one Morris High (whose evidence was excluded by the trial court) who testified to the effect that appellee was aware at the time of the agreement he would only receive three-fourths of the mineral rights.

For the reasons herein set out, the decree of the trial court is reversed and remanded, with directions to enter decree for appellant, requiring appellee to specifically perform his part of the agreement.

Sмiтн *v.* Sтaтe.

4865                                      300 S. W. 2d 596

Opinion delivered April 8, 1957.

*John F. Gibson,* for appellant.

*Bruce Bennett,* Atty. General; *Thorp Thomas,* Asst. Atty. General, for appellee.