WIPFLI, Appellant, v. BEVER and others, Respondents.

*November 30—December 22, 1967.*

For the appellant there was a brief by *John W. Kelley* and *Roy T. Traynor,* both of Wausau, and oral argument by *Mr. Traynor.*

For the respondents there was a brief by *Smith, Harlow & Knab* and *Patrick J. Harlow,* all of Manitowoc, and oral argument by *Patrick J. Harlow.*

CURRIE, C. J.   The sole issue on this appeal is whether defendant Bever's bond issued to Clintonville is assignable. If it is, then Wipfli, as Clintonville's assignee, is entitled to foreclose the mortgage given to secure performance of the bond.

While the bond from Bever to Clintonville contained no language that it ran to Clintonville's assigns, the mortgage securing the same contained this clause:

"Provided always, and these presents are upon this express condition, that if the said Ralph J. Bever and Esther Bever, his wife parties of the first part, their heirs, executors, administrators or assigns, shall pay or cause to be paid to the said party of the second part [Clintonville], its *successors or assigns,* the sum of Ten Thousand and no/100 Dollars, according to the conditions of one certain Bond bearing even date herewith, executed by the said Ralph J. Bever and Esther Bever, his wife parties of the first part to the said party of the second part . . . ." (Italics supplied.)

The general rule is that instruments executed at the same time between the same contracting parties in course of the same transaction will be construed together.[1]   One

---

[1] *Seaman v. McNamara* (1923), 180 Wis. 609, 193 N. W. 377; 1 Restatement, *Contracts,* p. 319, sec. 235 (c) ; 4 Williston, *Con-*

application of this rule is the construction together of a mortgage and the note for which it was given as security.[2] We deem it inconsequential that the instant mortgage, instead of securing a note, secured a bond requiring Bever to pay Clintonville in the event Thompson did not pay a minimum of $10,000 on the latter's land contract to Anderson. Both the bond and mortgage must be construed together to determine the assignability of Bever's bond to Clintonville.

A reading of the bond and mortgage together makes it crystal clear that the bond is assignable. The condition of the mortgage is that Bever pay the $10,000, according to the provisions of the bond, to Clintonville, "its successors or assigns."

This disposition of the appeal makes it unnecessary to determine whether the bond constitutes a guaranty,[3] and, if it does, whether it is a special or general guaranty.

---

*tracts* (3d ed. Jaeger), p. 904, sec. 628; 17 Am. Jur. 2d, *Contracts*, p. 668, sec. 264; 17A C. J. S., *Contracts*, p. 128, sec. 298.

[2] *Security Trust & Life Ins. Co. v. Ellsworth* (1906), 129 Wis. 349, 358, 109 N. W. 125; *Wisconsin Trust Co. v. Chapman* (1904), 121 Wis. 479, 99 N. W. 341; *General Missionary Baptist State Convention of Ark. v. Smith* (1957), 227 Ark. 653, 300 S. W. 2d 939; *Bielanski v. Westfield Savings Bank* (1943), 313 Mass. 577, 48 N. E. 2d 627, 147 A. L. R. 1104; 36 Am. Jur., *Mortgages*, p. 748, sec. 123; 59 C. J. S., *Mortgages*, p. 208, sec. 156. One exception to this rule is that collateral agreements in a mortgage securing a negotiable note will not be imported into the note so as to render it nonnegotiable.

See *Thorp v. Mindeman* (1904), 123 Wis. 149, 101 N. W. 417. This exception is grounded on public policy, otherwise the most simple real estate mortgage would deprive the note which it secures of its negotiable character. *Id.* at page 154.

[3] From the standpoint of the Statute of Frauds, Bever's undertaking on the bond is not a guaranty but an original undertaking because executed to promote his own interest, not that of Thompson. *Mann v. Erie Mfg. Co.* (1963), 19 Wis. 2d 455, 120 N. W. 2d 711; *McCord v. Edward Hines Lumber Co.* (1905), 124 Wis. 509, 102 N. W. 334; *Eagle Mowing & Reaping Machine Co. v. Shattuck* (1881), 53 Wis. 455, 10 N. W. 690; 38 C. J. S., *Guaranty*, p. 1131, sec. 2; 2 Corbin, *Contracts*, p. 346, sec. 390.

A special guaranty, as the name implies, is one addressed to a particular person and generally may be enforced only by that person.[4] However, a review of the cases dealing with special guaranties discloses that the general rule with respect to their nonassignability rests upon carrying out the intent of the parties. For example, *Burkhardt v. Bank* [5] stressed the fact that the guaranty was so drawn only as to be binding upon the heirs and legal representatives of the guarantor, and not upon those of the guarantee. In *Glassine Paper Co. v. Shannon* [6] the guaranty was held enforceable by a subsidiary of the corporation to which the guaranty was made, because of the specific finding of the trial court that defendant guarantor intended his guaranty to cover plaintiff subsidiary's shipments.

In the instant case there is no need to search for the parties' intent as to who should be permitted to enforce the bond, because it is explicitly stated in the language of the mortgage that the assigns of Clintonville were to be accorded that right.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.

---

[4] Annot. (1955), *Who May Enforce Guaranty*, 41 A. L. R. 2d, p. 1216, sec. 1. *See also Tidioute Savings Bank v. Libbey* (1898), 101 Wis. 193, 196, 77 N. W. 182.

[5] (1953), 127 Colo. 251, 256 Pac. 2d 234, 41 A. L. R. 2d 1207.

[6] (2d Cir. 1956), 238 Fed. 2d 765.