MILWAUKEE ACCEPTANCE CORPORATION, Appellant, v. KUPER and wife, Respondents.

*No. 229. Argued April 2, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 256.)

For the appellant there was a brief by *Glassner, Clancy & Glassner,* and oral argument by *Ronald S. Jacobs,* all of Milwaukee.

For the respondents there was a brief by *Levin, Blumenthal, Herz & Levin* of Milwaukee, and oral argument by *James S. Levin.*

CONNOR T. HANSEN, J. The complaint alleges that the action is based upon a promissory note and therefore the pleadings are controlled by sec. 263.35, Stats.:

"**Pleading by copy; notes, etc.** In an action, defense or counterclaim founded upon an instrument for the payment of money only it shall be sufficient for the party to give a copy of the instrument, and to state that there is due to him thereon, from the adverse party, a specified sum which he claims."

On January 6, 1964, the defendants executed a promissory note, promising to pay one Harry W. Kaminsky

$15,000 two years after date. The note was subsequently endorsed to the Auto Acceptance & Loan Corporation and then to the plaintiff.

A copy of the note is attached to the complaint and incorporated therein by reference. Typed at the bottom of the note was the following:

"Subject to the terms of an agreement entered into this 6th day of January, by and between Rudolph Kuper and Harry W. Kaminsky. Copy of said agreement attached herewith."

A copy of the agreement referred to in the note is not made a part of the complaint.

The issue is, therefore, whether a promissory note which states that it is subject to the terms of an agreement appended thereto, the terms of which are not ascertainable from the pleadings, is "an instrument for the payment of money only" within the meaning of sec. 263.35, Stats.?

The plaintiff urges a literal reading of the statute and takes the position that since the action is founded upon an instrument and since the promissory note is complete upon its face as an instrument for the payment of money only, the omission of the agreement referred to would only have relevance as a defense to be raised by the defendants.

However, we conclude that the defendants correctly frame the suit as an action for breach of contract in which case the terms of the fugitive agreement upon which the note was conditioned must be alleged by either setting forth the substance of the agreement or appending a copy thereof to the complaint.

The general rule is that instruments executed at the same time between the same contracting parties in the course of the same transaction will be construed together. *Wipfli v. Bever* (1967), 37 Wis. 2d 324, 155 N. W. 2d 71; *Seaman v. McNamara* (1923), 180 Wis. 609, 193

N. W. 377. In *Seaman* it was determined that a note and contract should be treated as one instrument even though they were separate writings and the note, standing alone, was negotiable. The note and the agreement were held to be mutual and dependent rather than independent and collateral.

The allegation of the plaintiff in its complaint that there is due $15,000 is a conclusion and is entirely dependent upon the terms of the agreement as stated in the note. If the terms of the agreement are such that the note is now due, it is incumbent on the plaintiff to allege such terms.

Sec. 263.35, Stats., provides a short form for pleading. Its intent is to simplify pleadings where an instrument, standing alone, indicates a sum of money is due and owing. Such a purpose would not be served by permitting pleadings to incorporate a note which states on its face that it is subject to the terms of an agreement, the terms of which are unknown and not alleged.

*By the Court.*—Order affirmed.