GALENA TOWING, INC., Respondent, v. NORTH MILWAUKEE STATE BANK, Appellant.

*No. 415. Submitted under sec. (Rule) 251.54 February 5, 1975.— Decided April 10, 1975.*
(Also reported in 227 N. W. 2d 672.)

For the appellant the cause was submitted on the brief of *Wilson & Broadnax* of Milwaukee; and for the respondent the cause was submitted on the brief of *Barnett W. Franks,* attorney, and *John T. McCann* of counsel, both of Milwaukee.

HANLEY, J. This is an appeal from an order overruling a demurrer. The complaint alleged that the plaintiff made application for a Small Business Administration insured loan, and S.B.A. approval was obtained. A copy of a letter from the defendant bank was attached, stating that the plaintiff "had" an approved loan. The complaint further alleged that based on this commitment the plaintiff made unidentified commitments to others, relying on the proceeds of the loan. The plaintiff then received a communication from the defendant informing plaintiff that the loan committee of the defendant had denied the plaintiff's loan application. Although it can be inferred from the exhibits to the complaint that the amount of the loan was to have been $121,100, there is nothing in the complaint to indicate the term of the loan, the conditions of repayment, the interest rate, or the security. Defendant claims that these were all material terms of the alleged contract, and must be pleaded or the complaint is subject to demurrer.

Plaintiff argues that the complaint need not allege all the terms of the contract to withstand demurrer, but that the defendant's remedy was a motion to make more definite and certain. Neither party cites *Milwaukee Acceptance Corp. v. Kuper* (1969), 42 Wis. 2d 515, 167 N. W. 2d 256, which holds that in an action for breach of contract the terms of the contract must be alleged by either setting forth the substance of the agreement or appending a copy to the complaint. Applied to this case, *Kuper* points up the fact that the "commitment" alleged in the complaint and identified by the exhibits attached is only an agreement to make a loan if the parties can agree upon terms. The complaint does not allege an agreement which can be enforced or the breach of which can be measured in damages.

*By the Court.*—Order reversed, and the cause remanded with directions to sustain the demurrer and grant plaintiff-respondent twenty days leave to replead.