## DOUGLASS & EASTON vs. THE BRANCH BANK AT MOBILE.

1. In an action on a lease for years to recover the rent thereby reserved, it is not necessary to aver in the declaration that the defendant entered upon or took possession of the premises.

2. A stranger cannot sue upon a deed which only contains covenants between the parties, although it may contain an express covenant for his benefit.

3. When a corporation is a party to a deed, a mistake in setting out its name will not vitiate the deed, if it is apparent from the face of it that the corporation was intended thereby.

4. The courts in this State are bound to take judicial notice that the assets of the State Bank and Branches are placed in the hands of commissioners who are authorized to sell or lease its real estate, and to appoint assistant commissioners to aid in the adjustment and settlement of its affairs.

5. When a lease of real estate belonging to the Bank is executed in the name of the assistant commissioner, and the rent due thereby is to be paid to the Bank, equity will decree a reformation of the contract and a specific performance against the Bank.

6. The Bank may sue in its own name on a lease of its real estate, when by the terms of the lease the rent is reserved to it, although the demise is in the name of the assistant commissioner.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

ALABAMA.

THIS was an action of covenant on a lease of real estate belonging to the Bank, to recover the rent thereby reserved. Judgment by default was taken against the defendants.

STEWART, for plaintiffs in error :

The appellants contend—1. That the declaration is insufficient to support the judgment. It contains no averment of performance by the plaintiff; no averment of the delivery of possession of the demised premises to defendants, nor of their entry, nor enjoyment of the use of the property. The lease was prospective, and was to commence after the date of the indenture. The obligation to pay rent depends on the use and enjoyment.—See the forms of declarations on covenant for rent, or debt. This averment is always made.—See Arch. on Land. & Tenant, 146; 53 Law Lib. 148-141.

2. The declaration sets forth a lease made by the defendant, in which the plaintiff contracts by the name and description of Henry B. Holcombe, assistant comm'r of the Branch Bank of the State of Alabama at Mobile. This shows a lease made by Holcombe, and would support an action by Holcombe, but not by the Bank. The Bank has no authority by law to use any other name than its corporate one to make contracts.

An obligation to a corporation, in which the corporation is misdescribed, may be helped by averment, but only where the misdescription is such that the corporation can still be recognized and distinguished from all others; but not where a covenant is to another party or person. The deed cannot be contradicted.

The legal effect of this lease is to create a right and obligation in Henry B. Holcombe and his executors, &c., individually; the addition to his name is mere description of person, &c.— Culpepper Society v. Digges, 6 Rand. 165; Mayor & Burgesses Lynne, 10 Coke's R. vol. 5, 122-25; Ang. on Corp. 170-1; Tileston v. Newell, 13 Mass. 406; Taft v. Brewster et al. 9 Johns. 334.

No counsel for defendant.

DARGAN, C. J.—The first objection to the declaration is, that it does not aver that the defendants entered upon or took possession of the land. The precedents, it is true, all contain this averment; but I have found no case that holds such an averment indispensably necessary, except in the case of a tenancy at

Douglass & Easton v. The Br. Bank at Mobile.

will. In actions on leases for years, the declaration is good without the averment that the defendant entered upon or took possession of the land. The reason of this distinction is, that in the latter case, the rent is due by the contract, but in the former it is due by the occupation. In cases of leases for years, the tenant has the right to enter by virtue of his contract, and the law will presume that he exercised that right, or could have done so at his pleasure. He must therefore pay rent, unless he can show that he was prevented from taking possession by some act or fault of the lessor.—1 Saun. 203, Note 1; Bellasis v. Burbrick, 1 Salk. 203 ; 2 Chitty, 551, Note.

The next objection is, that the declaration shows a lease from Henry B. Holcombe to the defendants, and a covenant on their part to pay rent to the plaintiff; consequently that the suit should have been in the name of Holcombe, and not in the name of the Bank. The substance of the allegation is, that the defendants covenanted with the plaintiff in the name and by the description of Henry B. Holcombe, assistant commissioner of the Branch of the Bank of the State of Alabama at Mobile, whereby the said plaintiff demised, &c., the defendants agreeing to, pay therefor to the plaintiff the sum of four hundred dollars, &c. The judgment was by default, and the question is whether according to this averment the plaintiffs have the legal right to sue for the rent. I admit the rule to be, that when a deed is *inter partes*, a stranger to the deed cannot sue upon it, although it contain an express covenant for his benefit. Thus, if A. of the one part and B. of the other, enter into a covenant, and B. binds himself to do something for C.'s benefit; C., not being a party to the instrument, cannot sue in his own name on this covenant, although he is to be exclusively benefitted by its performance. Chitty's Pl. 2-3, and cases there cited; 3 Bos. & Pull. 149, Note A. But I cannot believe that we should, according to this declaration, construe the covenant to be between Holcombe and the defendants, with an undertaking on their part to pay rent to the plaintiff; on the contrary, the covenant is alleged to be the act of the plaintiff, in the name of Henry B. Holcombe, assistant commissioner of the Bank, and the rent is to be paid to the plaintiff. This, at the most, can be said to be only a misnomer of the corporation in the contract of lease. Can the defendants avail themselves of it to avoid their contract? The authorities

all agree in this, that slight mistakes in the name of corporations will not avoid their deeds or grants.—See the cases of The Mayor & Burgesses of Lynne, 10 Coke, vol. 5, 122-25; Angell on Corp. 170-71, and cases there cited. And in the case of The Culpepper Society v. Digges, 6 Rand. 165, it was said, that mistakes in the letters or syllables of the name of the corporation shall not vitiate the deed. I am not able to extract any other principle from these cases than this, if it be apparent upon the face of the deed that the corporation was intended thereby, either to take or to grant, a mistake in the true name will not vitiate the instrument. Thus, in the case of The President, Managers & Company of the Berks & Dauphin Turn. Road v. Myers, 6 S. & R. 12, the instrument produced on trial contained a covenant with the Berks & Dauphin Turn. Company. C. J. Gibson said, "I take the law of the present day to be, that a departure from the strict style of the corporation will not avoid its contracts, if it substantially appear that the particular corporation was intended; and a latent ambiguity may, under proper averments, be explained by parol evidence in this, as in other cases, to show the intention." Again, in the case of The New York African Society for Mutual Relief v. Varick, 13 Johns. 38, the count stated, that the defendants by their certain writing obligatory acknowledged themselves held and firmly bound unto the plaintiffs, by the description of The Standing Committee of the New York African Society for Mutual Relief. To this declaration there was a demurrer, which was overruled, on the ground that the obligation was to the corporation, *though by an improper name.* These authorities, I think, establish the principle I have stated, that if it appear from the deed itself that the corporation was intended, then its misdescription will not avoid it. According to this declaration, the lease is under the corporate seal of the Bank, and the money is to be paid to the Bank; but the demise is in the name of Henry B. Holcombe, assistant commissioner. We are bound to know, that by law the assets of this Bank are placed in the hands of commissioners who are authorized to sell or lease its real estate, and who have authority to appoint an assistant commissioner to aid in the settlement and adjustment of its affairs; and taking into consideration these facts, which we must know as matter of law, I think it sufficiently appears that the Bank was intended to be bound by the lease. I,

however, will not rest my judgment solely on that ground, for there is another which is more satisfactory. The demise is alleged to have made been by the plaintiff, in the name of Holcombe, assistant commissioner of the Bank; the *solvendum* is alleged to be to the plaintiff, that is, to the Branch of the Bank of the State of Alabama at Mobile. Now, if it were admitted that the lease could not bind the plaintiff at law, yet I entertain no doubt but it could be reformed in equity and the plaintiff decreed specifically to perform the contract. Then the rent being reserved to the plaintiff by its proper name, there can be no reason why the suit should not be sustained in the name of the Bank, for its recovery.

We have looked into the supposed irregularity in the rendition of the judgment; but we discover none that can avail the plaintiffs in error.

Let the judgment be affirmed.