King *vs.* Warfield.

(Decided 13th May, 1887.)

--------

ALEXANDER KING *vs.* THOMAS J. WARFIELD AND RUTH E. WARFIELD.

*Executory contract—Alleged non-performance of Contract—Action for Damages.*

An instrument of writing under seal, purporting to be a lease, provided that it should not be binding on the lessee in any way until he should be appointed and installed by the proper officers of the Baltimore and Ohio Railroad Company, as freight and ticket agent

King *vs.* Warfield.

of the said company at a particular station.  The lessee, although not appointed by the officers of the railroad company as such agent, elected that said lease should be binding on him, and demanded possession of the demised premises from the lessors.  They refused to deliver possession, and in consequence of such refusal, they were sued by the lessee to recover damages.  The defendants demurred to the declaration.  HELD :

That the contract was to become binding upon both parties only when the plaintiff obtained the appointment of freight and ticket agent which he was seeking, and as that contingency, which was dependent upon the action of third parties, had not happened, the plaintiff was free from all obligations intended to be created by the instrument under seal, and was therefore in no position to maintain a suit against the defendants for the alleged non-performance of a contract by which he was not bound.

APPEAL from the Circuit Court for Montgomery County.

The case as stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J.

*William Brace,* and *B. A. Richmond,* for the appellant.

*William Kealhofer, J. B. Henderson,* and *George Peter,* for the appellees.

YELLOTT, J., delivered the opinion of the Court.

An instrument of writing under seal, purporting to be a lease, was executed on the 16th day of December, 1884, by the parties to this cause.  By the terms of this instrument the appellees leased twenty-one acres of land on the Washington County branch of the Baltimore and Ohio Railroad, together with a dwelling house and other improvements thereon, to the appellant for the term of fifteen months from the first day of January, 1885, at the

King *vs.* Warfield.

yearly rent of one thousand dollars, with the privilege of renewing said lease on the same terms after its expiration.

It is, however, expressly agreed between said parties. that this lease shall not be binding on the appellant "in any way" until he, the said appellant, shall be "appointed and installed by the proper officers of the Baltimore and Ohio Railroad Company as freight and ticket agent of said company at Breathedsville station, in Washington County, Md., on the Washington County branch of the Baltimore and Ohio Railroad."

This instrument of writing under seal, is set forth in full in the declaration, and the plaintiff then avers that, although he was not appointed by the officers of the said railroad company at the place aforesaid, he elected that said lease should be binding on him, and demanded possession of said demised premises from the defendants, who refused to deliver possession, and in consequence of such refusal he has brought suit for the recovery of damages.

To the declaration the defendants demurred, and the demurrer was ruled good by the Court, and final judgment rendered against the plaintiff, and in favor of the defendants for costs. From this judgment an appeal has been taken.

The record discloses the existence of an executory contract. It is said to be an elementary principle that, to render an executory contract valid, both parties must be bound. *Rathbone vs. Warren,* 10 *Johns.,* 587.

Now it will be seen that it is provided in this instrument under seal, that "this lease shall not be binding on the said King in any way until the said King shall be appointed to and installed by the proper officers of the Baltimore and Ohio Railroad Company as freight and ticket agent of the said company at Breathedsville station, in Washington County, Md., on the Washington County branch of the Baltimore and Ohio Railroad." It is thus apparent that the appellant is entirely free from any and

all obligations intended to be created by this instrument under seal, until the happening of an event which has not occurred. The question then to be determined is, whether the appellees are bound by a contract during the period, while the other party remains exempt from all obligations and could not be sued for any alleged infraction. No such principle has ever been sanctioned by adjudication when the terms of the contract impose mutual obligations. On the contrary this Court has said that "it is certainly necessary to set out in the declaration a contract binding on both parties, when a suit is instituted to recover damages for the non-performance of the contract." *Berry vs. Harper*, 4 *G. & J.*, 470 ; *Lamar vs. McNamee*, 10 *G. & J.*, 120.

And in *Routledge vs. Grant*, 3 *Carr. & P.*, BEST, J., emphatically says : "It is not just that one party should be bound when the other is not."

It is manifest that this is one of those legal principles so well established as to be beyond the scope of controversy. The proper construction of this executory contract is that it was to become binding upon both parties when the appellant obtained the appointment he was seeking to obtain. It would become operative as soon as that contingency happened, and not before. As that contingency, which was dependent on the action of third parties, has not happened, the appellant is free from all obligations, and is therefore in no position to maintain a suit against the appellees for an alleged non-performance of a contract by which he is not bound in any respect. He cannot, at his own option, now impose on them obligations not created by the instrument under seal. As was said by Chancellor JOHNSON in *Duvall vs. Myers*, 2 *Md. Ch. Decis.*, 405, "a party not bound by the agreement itself, has no right to call upon the judicial authority to enforce performance against the other contracting party, by expressing his willingness to perform his part of the agree-

ment.   His right to the aid of the Court does not depend upon his subsequent offer to perform the contract on his part, when events may have rendered it advantageous to do so, but upon its originally obligatory character."

There is clearly no error in the ruling of the Court be-low, and its judgment should be affirmed.

*Judgment affirmed.*

(Decided 13th May, 1887.)