HAMMOND and another, Executors, Respondents, vs. BARTON,
Appellant.

*April 14 — May 1, 1896.*

*Landlord and tenant: Incomplete building: Validity of lease: Cer-
tainty in commencement of term: Mutuality.*

1. A written lease of a room in a building in process of erection "for
   the term of five years from the completion of said building" is a
   valid lease *in præsenti* for a term to commence *in futuro,* and the
   necessary element of certainty in the commencement of the term
   is satisfied by the completion of the building and the occupancy
   of the room and payment of rent at the stipulated rate from an
   agreed time by the lessee.
2. The lessee in such case having occupied the room for about two
   years and paid rent at the stipulated rate from the agreed time,
   which time he himself indorsed upon the lease, and there having
   been no other agreement as to such occupancy and rent, he is con-
   clusively presumed to have so occupied under the lease.
3. The fact that there was something unsatisfactory about the manner
   of completion of the building, and something to be fixed by the
   lessor, did not affect the validity of the lease.
4. The absence of an express agreement on the part of the lessor to
   complete the room did not render the lease void for want of mut-

uality, such completion being a condition precedent to the commencement of the term and, by necessary implication, being determined when the latter was fixed by the agreement as to the time from which rent should be paid, and an agreement to complete the room being, moreover, implied or included in the agreement to lease it.

APPEAL from a judgment of the superior court of Douglas county: E. B. BUNDY, Judge. *Affirmed.*

For the appellant there was a brief by *Butler & Grace,* and oral argument by *L. S. Butler.* They contended, *inter alia,* that the lease, attempting as it does to fix a term of years, is void under sec. 2304, S. & B. Ann. Stats. It does not provide when or in what manner the demised room is to be completed, nor in fact that the lessor will ever complete it. This part of the contract is so vague, indefinite, and uncertain as to what the parties really intended, as to when, if ever, the room should be completed, and as to how it was to be completed, that it must be aided in this respect by verbal testimony; so it could not be enforced at all. *Wright v. Weeks,* 25 N. Y. 154; *Davis v. Shields,* 26 Wend. 341; *Abeel v. Radcliff,* 13 Johns. 297; *Campbell v. Thomas,* 42 Wis. 437; *Popp v. Swanke,* 68 id. 364; *Thomas v. Sowards,* 25 id. 631; *Gault v. Stormont,* 51 Mich. 636; *Hall v. Soule,* 11 id. 494; *McElroy v. Buck,* 35 id. 434. If there is nothing appearing in the instrument itself from which an uncertainty therein can be made certain, it is void for uncertainty. *Johnson v. Ashland L. Co.* 52 Wis. 465. It is the very essence of a term of years to be fixed and determined; and, therefore, unless some certain beginning or event is referred to by which the period of its commencement may be ascertained, it will be void for uncertainty. 1 Taylor, Landl. & T. § 70; 1 Preston, Estates, 201; Bac. Abr. LEASES (L), 3; 1 Washb. Real Prop. 294; *Murray v. Cherrington,* 99 Mass. 229; *Western Transp. Co. v. Lansing,* 49 N. Y. 499, 508.

For the respondents there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.*

CASSODAY, C. J.   It appears from the record that prior to
March 21, 1891, the building in question, belonging to the
Hammond estate, was in process of construction, and leased
by the plaintiffs to one George D. Moulton, by the terms of
which they leased and let to Moulton the building for the
term of five years, to commence at the completion thereof;
that March 21, 1891, Moulton, as such lessee, entered into a
written lease with the defendant, by the terms of which
Moulton leased to the defendant a corner room on the ground
floor of said building, fronting on Tower avenue and Winter
street, for the term of five years from the completion of the
building, unless the lease should be sooner terminated as
therein prescribed, at a rental of $200 per month, payable
on the first business day of each month, for the ensuing
month; that July 28, 1891, Moulton sold and assigned the
*Barton* lease to Watkins, Dobie, Moran, and Robinson, who,
on the same day, sold and assigned the same to the plaintiffs.
This action was commenced October 4, 1893, to recover the
unpaid rent alleged to be due for the months of June, July,
August, and September, 1893, and interest on the several in-
stalments, respectively.   Upon issue being joined and the
case tried, and at the close of the evidence, the court directed
a verdict in favor of the plaintiffs for $836.   From the judg-
ment entered thereon accordingly the defendant brings this
appeal.

It is conceded that the defendant occupied the premises
and paid rent until May 31, 1893; but he contends that such
occupancy was not under the lease, but merely as a tenant
at will, and that he then vacated and surrendered the prem-
ises.   The verdict so directed was for the unpaid rent for
the four succeeding months, and interest.   There is no claim
that any part of that rent was ever paid, nor that it was not
all due by the terms of the lease.

1.  The principal contention is that the lease was inopera-
tive and void, because the building was not completed when
it was executed, and because it was "for the term of five

Hammond and another vs. Barton.

years from completion of said building;" thus leaving, it is claimed, the time for the commencement of the term uncertain and to be fixed by parol evidence, contrary to the statute of frauds in such cases. R. S. sec. 2304. That statute declares that "every contract for the leasing for a longer period than one year . . . shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease . . . is to be made." This court has recently held that such a lease is a valid lease *in præsenti* for a term to commence *in futuro*, and that the element of certainty in the commencement of the term is satisfied by the completion of the building as prescribed. *Colclough v. Carpeles*, 89 Wis. 239. In that case Mr. Justice PINNEY has so fully stated the reasons and authorities in support of the rule as to require no further discussion.

Although the room rented by the defendant was not ready for occupancy at the time of the execution of the lease, March 21, 1891, yet the defendant at that time paid to Moulton $200 as one month's rent on the lease; and the same was then and there indorsed on the lease as "the first month's rent." Of course, it was left open just when the payment of the rent should begin; but June 12, 1891, it was agreed between the defendant and Moulton that the payment of rent should begin May 11, 1891; and so on June 12, 1891, the defendant paid Moulton $200 as the second month's rent, and at the same time he himself indorsed on the lease the following, to wit: "Began paying rent on May 11, 1891. Barton & S. check $200, June 12, 1891. Building unsatisfactory. Moulton will fix." The defendant, in his testimony, in effect, concedes that he, or he and his partner, continued to occupy the room until May 30, 1893; and that the rent was all paid up to that time, at the rate prescribed in the lease. Such being the admitted facts, the defendant must be conclusively presumed to have occupied the room in question during the period mentioned under the lease;

Hammond and another vs. Barton.

especially as there is no evidence of any other agreement between the parties in respect to such occupancy and rent. True, the defendant contends that there was something unsatisfactory about the manner of the completion, and that there was something to be fixed, but those things did not go to the validity of the lease. At most, they afforded an opportunity to claim damage,— a question not present on this appeal. Notwithstanding the statute cited, requiring a lease for a longer period than one year to be in writing, yet this court has gone so far as to hold that, in case of part performance of such an oral agreement, the court may, under sec. 2305, R. S., compel the performance of the same. *Seaman v. Aschermann,* 51 Wis. 678; *S. C.* 57 Wis. 547. See, also, *McWhinne v. Martin,* 77 Wis. 196; *Wall v. M., St. P. & S. S. M. R. Co.* 86 Wis. 48; *Brown v. Sutton,* 129 U. S. 238.

2. The only other ground upon which a reversal is sought is to the effect that the lease contains no covenant or agreement on the part of Moulton to complete the room, and that, until completed, the defendant was not entitled to the possession, and hence that there was a want of mutuality in the contract. Such completion, however, is made by the lease a condition precedent to the payment of rent,— the commencement of the term. The determination of the one by the agreement of the parties, as indicated, by necessary implication fixed and determined the other. What has been said, therefore, about the commencement of the term, disposes of the suggestion of a want of mutuality. Besides, the agreement to lease the room includes an agreement to complete the room to be leased; and such agreement is sufficient consideration to support the defendant's agreement to pay rent.

We perceive no error in the record.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.