[S. F. No. 1809. In Bank. — November 23, 1901.]

## MARY E. FITZHUGH, Respondent, v. VERONICA C. BAIRD, Appellant.

LEASE OF HOUSE NOT OCCUPIED BY TENANT — ACTION FOR RENT — ISSUE AS TO CONTRACT OF HIRING — CONFLICTING EVIDENCE — SUPPORT OF FINDINGS. — In an action for rent upon a lease of a house for six months, where the defendant did not occupy the house leased, and the only issue presented by the pleadings was, whether the defendant had hired the premises leased, and the evidence was highly conflicting upon that issue, the findings in favor of the plaintiff will not be disturbed upon appeal. [Held, contra, by Beatty, C. J., and Temple, J., dissenting, that upon certain undisputed facts testified to, the plaintiff was not entitled to recover.]

ID. — POSSESSION BY LESSOR — RECOUPMENT NOT PLEADED — EVIDENCE. — Where the defendant pleaded no recoupment on account of the lessor's possession of the leased premises, and did not offer evidence to show that the possession was of any value to the lessor, and the lessor testified to the effect that the occupancy taken was to protect the house and its contents from injury in case it should remain vacant, such possession cannot affect the liability of the lessee for the rent.

ID. — ADVICE OF PHYSICIAN TO LESSEE — CROSS-EXAMINATION — PRIVILEGE.
— Upon proper cross-examination of the defendant lessee, the advice
of a physician as to moving into the house may be proved, if not
shown to be in any respect privileged.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.    Edward C. Belcher, Judge.

The main facts are stated in the opinion of the court.    Fur-
ther facts are stated in the opinion of Beatty, C. J.

Knight & Heggerty, and William M. Madden, for Appellant.

Reel B. Terry, and Rodgers, Paterson & Slack, for Respond-
ent.

THE COURT. — The complaint alleges that the plaintiff
rented and the defendant hired from her a certain dwelling-
house, 2519 Broadway, San Francisco, "for the term of six
months, commencing January 15, 1896, . . . for the rental of
six hundred dollars, in six equal installments of one hundred
dollars each, in advance, on the fifteenth day of each and every
month." The defendant denied the allegations of the com-
plaint, and avers that the plaintiff never rented to her any
house, and that she never hired any house from the plaintiff.
The cause was tried by the court sitting without a jury, and
the court found the facts substantially as alleged in the com-
plaint, and gave plaintiff judgment for six hundred dollars and
interest.    Defendant appeals from the judgment and from the
order denying her motion for a new trial.

The only issue presented for the decision of the court was,
whether the defendant had hired the premises from the plain-
tiff, as alleged in the complaint.    Upon this issue, testimony
was given on behalf of the respective parties concerning the
negotiations between them in regard to such hiring, and the
court determined therefrom in accordance with the claim of the
plaintiff.    This testimony was highly conflicting, and the de-
cision of the trial court must be accepted as correct.

The proposition of the appellant that she is not liable to the
plaintiff for the full amount of the rent agreed upon, inasmuch
as the plaintiff was not deprived of the possession of the prem-
ises, and did in fact occupy them a portion of the time, is un-
tenable.    There was no issue of this nature before the court,

the only issue being whether the defendant had made a contract with the plaintiff for the term and at the rent named in the complaint. The defendant did not set up in her answer any claim for recoupment of the plaintiff's demand, nor was any evidence presented at the trial that the occupancy of the premises by the plaintiff for a portion of the time had been of any value to her. The testimony of the plaintiff was to the effect that her occupancy of the house was for the purpose of protecting it and its contents from injury or loss in case it should have remained vacant, thus relieving the defendant of an obligation which rested upon her by virtue of her contract.

No error was committed in overruling the objection to the question asked of the appellant concerning the advice of her physician about moving into the house. The question was proper cross-examination, and it was not shown to be in any respect privileged.

The judgment and order are affirmed.

BEATTY, C. J., dissenting.—I dissent. It is true that there is a conflict of evidence as to whether the terms of a lease were finally settled by an oral agreement between the plaintiff and defendant. But there is no conflict of evidence as to other facts of controlling force. The plaintiff herself testifies: "I left the matter entirely in charge of my husband. He attended to it for me." Armed with this authority, and acting in her behalf, plaintiff's husband caused a written lease to be prepared and presented to defendant for her signature, containing important stipulations and onerous conditions which had never been mentioned in any of the oral negotiations between plaintiff and defendant. The defendant was not then in possession of the house, and had a perfect right to assume, as she did assume, that the written lease contained the conditions upon which alone she would be permitted to take possession, and whether or not a valid oral lease had been previously concluded by plaintiff herself, this demand made by her authorized agent was a repudiation of it, upon which the defendant had a right to act, as she did, in declining to proceed further.

The plaintiff cannot, after authorizing her husband to attend to the matter for her, evade responsibility for his acts.

The judgment and order are, in my opinion, clearly erroneous, and should be reversed.

TEMPLE, J., concurring in dissent.—I concur in the dissenting opinion, and further think the undisputed facts show that plaintiff had no right of action for rents at all. It was her duty, after she took possession, when the defendant refused to take the property, to do the best she could with it, and she could only recover the difference between what she was able to get out of it, and the agreed rent. This is, of course, upon the supposition that there was a valid demise which defendant had no right to treat as rescinded.