[Civ. No. 3946.  Second Appellate District, Division Two.—June 4, 1924.]

IMPERIAL WATER COMPANY No. 8 (a Corporation), Appellant, v. H. A. CAMERON et al., Respondents.

[1] LEASES—ABANDONMENT OF PREMISES—REMEDIES OF LESSOR—CONSTRUCTION OF INSTRUMENT.—A provision in a lease that if the lessees "should abandon said premises while in default in the payment of rental, the lessor shall take possession thereof, and relet the same upon such terms and rental as may reasonably be obtained, and any amount so received, less the expense of said reletting, including agent's commission, shall be applied in reduction of the rental to be paid by the lessee hereunder, and the lessor may recover from the lessees any deficiency, or at the option of the lessor this lease may, in such event, be cancelled," is not applicable where the lessees repudiate their lease before the commencement of the term provided therein, and they never enter into possession of the premises.

1.  Recovery of rent upon abandonment of premises by tenant, note, 14 **Ann. Cas.** 1089.  See, also, 15 **Cal. Jur.** 714.

[2] ID.—PRESENT DEMISE—FUTURE TERM.—Where an instrument contains words of present demise, and there is nothing to indicate that the parties contemplate the execution of any other instrument, although the instrument does not fix the exact date of commencement of the term, but designates same as the day when the second floor of the building shall be completed and the first floor ready for occupancy by the lessees, such instrument will be deemed a valid lease *in praesenti*, for a term to commence *in futuro*, and not merely an executory contract to make a lease.

[3] ID.—FAILURE TO TAKE POSSESSION—RECOVERY OF AGREED RENTAL.—Such instrument being a lease, i. e., a demise *in praesenti* of a term to commence *in futuro*, the lessor is entitled to sue for and to recover the agreed rental, notwithstanding the failure of the lessees to take possession of the demised premises.

[4] ID.—USE OF PREMISES BY PLAINTIFF—RECOUPMENT—PLEADING.—In an action by the lessor under such lease to recover the agreed rental, if it be assumed that the defendants may be entitled to any deduction from the full amount of the accrued rental, they can avail themselves of such right to recoupment only by setting up in their answer a claim thereto based upon an allegation of the value to plaintiff of its occupancy of the premises subsequent to the accrual of defendants' right of entry.

(1) 1 C. J., p. 9, sec. 12; 35 C. J., p. 1090, sec. 275 (Anno.). (2) 35 C. J., p. 973, sec. 50, p. 1199, sec. 513.   (3) 36 C. J., p. 307, sec. 1107.   (4) 36 C. J., p. 424, sec. 1341.

APPEAL from a judgment of the Superior Court of Imperial County. M. W. Conkling, Judge. Reversed.

The facts are stated in the opinion of the court.

James L. Allen for Appellant.

C. L. Brown for Respondents.

FINLAYSON, P. J.—This is an action to recover rent alleged to be due under the terms of a written lease. Judgment passed for defendants and plaintiff appeals.

The facts are these: Plaintiff owned a lot in the city of Brawley upon which stood a one-story building then occupied by plaintiff and to which it was about to add a second story. Defendants, husband and wife, desired to rent the

2.   See 15 Cal. Jur. 629; 16 R. C. L. 553.
3.   See 15 Cal. Jur. 714; 16 R. C. L. 969.

ground floor upon the completion of the contemplated improvement. On December 22, 1920, the parties executed a written instrument wherein plaintiff is designated as the party of the first part and "lessor," and defendants are designated as parties of the second part and "lessees." That document, so far as it is material to our inquiry, reads:

"The said lessor . . . have leased, demised and let, and by these presents do lease, demise and let unto the said lessees, and the said lessees do hire and take of and from the said lessor, all the following described premises, . . . to wit: The entire ground floor of that certain building located on Lot Fifteen . . . for the term of three (3) years, commencing on the —— day of ——, 19—, and ending on the —— day of ——, 19—, at a rental of sixty-three hundred dollars ($6,300.00) for said term, which said rental shall be paid in monthly installments of one hundred and seventy-five dollars ($175.00) each, the first installment on the —— day of ——, 19—, and a like installment in advance on the — day of each and every month thereafter during the full term hereof, it being understood and agreed herein that the said party of the first part is about to erect a second story upon the building now on said lot and to occupy the same, and that this lease shall commence upon the day of the occupancy by said parties of the second part, after the completion thereof and the vacating of the entire first floor by the said party of the first part; and by reason thereof the dates of the commencement and ending of this lease are at this time left blank, and both parties hereto agree that the same may be filled in at the time the parties of the second part are to occupy said premises. Said real property is so demised and let upon the conditions and restrictions following, to wit: . . . " Then follows a number of paragraphs, of which the seventh is as follows: "7. If the lessees should abandon said premises while in default in the payment of rental, the lessor shall take possession thereof, and relet the same upon such terms and rental as may reasonably be obtained, and any amount so received, less the expense of said reletting, including agent's commission, shall be applied in reduction of the rental to be paid by the lessees hereunder, and the lessor may recover from the lessees any deficiency, or at the option of the lessor this lease may, in such event, be canceled."

On February 14, 1921, plaintiff completed the construction of the second story, vacated the first story formerly occupied by it, notified defendants that the ground floor was ready for their use and occupancy, tendered them the keys thereto and demanded payment of the first monthly installment of rent. Defendants refused to enter into possession or to pay any rent. Indeed, prior to plaintiff's tender of possession, i. e., on January 12, 1921, and again on January 24, 1921, defendants notified plaintiff in writing that, for financial reasons, they would be unable to occupy the premises and that they would not do so. Defendants never have entered into possession. This action was brought to recover the stipulated rent for each of the three months commencing, respectively, February 14th, March 14th and April 14th, 1921. Defendants answered, denying that any rent was due.

The trial court found that plaintiff made no effort to, and in fact did not relet the premises. There is no question as to the sufficiency of the evidence to support this finding. The court below, so we are informed, gave judgment for the defendants upon the theory that, by reason of the seventh paragraph of the contract, plaintiff's sole remedy, if it did not choose to cancel the lease, was to relet the premises and to sue for the difference between the rent so obtained and the rent agreed to be paid by defendants.

[1] We agree with appellant that the seventh paragraph of the contract means that if the lessees should actually take possession upon the commencement of the term and should abandon the premises *after* having thus entered into possession and while they were in default in the payment of rent, then, and only then, would the lessor be put to an election to cancel the lease or to re-enter and relet the premises and sue for any deficiency which there might be between the agreed rent and the rent obtained by such reletting. We think, therefore, that this paragraph of the lease is not applicable to the facts of this case, since respondents repudiated their lease *before* the commencement of the term provided for therein, and they never did enter into possession of the premises. As will be recalled, the language of the seventh paragraph is: "If the lessees should abandon said premises while in default in the payment of rental, the lessor shall take possession thereof and relet the same," etc. This language has reference to an abandonment of the *prem-*

*ises,* not to an abandonment of the contract. As here understood, an abandonment of the premises by the lessees implies a previous possession by them. This is made clear by the provision that if the lessees shall abandon the premises while in default in the payment of rent, "the lessor shall take possession." This provision that the lessor "shall take possession" can only mean that it shall *retake* possession, which it could do only after its original possession had been interrupted by the assumption of possession on the part of the lessees. But the lessor's possession was never interrupted. It was continuous. There was no possession for it to retake. Moreover, this paragraph of the lease is to be applicable when and only when the lessees shall abandon the premises "while in default in the payment of rental." But respondents repudiated their contract before any installment of rent could accrue or become payable, and not "while in default in the payment" thereof.

It only remains to consider whether independently of paragraph seven of the lease, appellant's remedy is limited to a recovery of damages, measured by the difference between the agreed rent and the actual value of the premises, or whether it was entitled to the rent as and when it accrued. That is to say: Does the written instrument evidence an executory contract—an agreement to give a lease—or is it a lease *in praesenti?* For if it be the former appellant's right of recovery will be limited to damages measured by the difference between the rent fixed in the agreement and the sum for which the premises could be rented by the exercise of reasonable diligence (*Cooper* v. *Aiello,* 93 N. J. L. 336 [107 Atl. 473]); whereas, if the contract be a present lease, even though it be the lease of a term to commence *in futuro,* appellant will be entitled to recover the agreed installments of rent as and when they accrue. (See authorities cited *infra.*)

[2] The instrument contains words of present demise, and there is nothing to indicate that the parties contemplated the execution of any other or further instrument. It is true there is no fixed day named or expressed when the three-year term shall commence. But the day when it was to commence and the day on which respondents were to have the right to take possession was capable of being made certain. It was the day when the building should be com-

pleted and the ground floor should be ready for defendants'
occupancy. *Id certum est quod certum reddi potest.* We
think, therefore, that the instrument in question was a valid
lease *in praesenti,* for a term to commence *in futuro*—that is
to say, on the 14th of February, 1921, that being the day
when the building was completed and the leased premises
were ready for occupancy by respondents. (See *Hammond*
v. *Barton,* 93 Wis. 183 [67 N. W. 412] ; *Colclough* v. *Cor-
peles,* 89 Wis. 239 [61 N. W. 836] ; *Becar* v. *Flues,* 64 N. Y.
518; and note to *Johnston* v. *Carson etc. Min. Co.,* 15
L. R. A. (N. S.) 1079.)

[3] Since the contract was an executed lease, i. e., a de-
mise *in praesenti* of a term to commence *in futuro,* appel-
lant is entitled to sue for and to recover the accrued rent,
notwithstanding respondents' failure to take possession. The
rule is correctly stated by Mr. Tiffany, who says: ''Apart
from any question of the exclusion of the lessee from
the demised premises, the cases are generally to the ef-
fect that the mere failure of the lessee to take possession is
no defense to the claim for rent, since his liability is
fixed by the reservation of rent or by his covenant to
pay rent, and he cannot escape this liability by failing to
utilize the premises.'' (1 Tiffany on Landlord and Tenant,
p. 1154.) As was said by the New York court of ap-
peals in *Becar* v. *Flues, supra,* ''It [a lease *in praesenti* to
commence *in futuro*] is like a sale of specific personal prop-
erty to be delivered.'' In the case of such a sale the title
passes to the vendee, and he is liable for the purchase price.
(*Lassing* v. *James,* 107 Cal. 348, 358 [40 Pac. 534].) The
following cases, among others, support Mr. Tiffany's state-
ment of the rule: *Becar* v. *Flues, supra; Douglass & Easton*
v. *Branch Bank,* 19 Ala. 659; *Tully* v. *Dunn,* 42 Ala. 262;
*Bonfils* v. *Ledoux,* 266 Fed. 507 [16 A. L. R. 430]. In the
case last cited the court says: ''It is the general rule that
the failure of the lessee to take possession is no defense to a
claim for rent, because that liability is fixed, not by the fact
of possession, but by the covenant to pay rent.'' In *Tully*
v. *Dunn, supra,* the Alabama supreme court says: ''The ap-
pellant [lessee] having committed a breach of the contract
by a failure to enter upon its performance, the appellee
[lessor] was not bound to suffer the premises to remain va-
cant during the term. In such case the landlord may let

the premises lay idle *and recover rent for the whole term,* or he may put an end to the contract of lease by entry." (Italics ours.)

[4] If it be assumed that respondents may be entitled to any deduction from the full amount of the accrued rent, they can avail themselves of such right to recoupment only by setting up in their answer a claim thereto based upon an allegation of the value to appellant of its occupancy of the premises subsequent to the accrual of respondents' right of entry. (*Fitzhugh* v. *Baird,* 134 Cal. 570 [66 Pac. 723].) Respondents' answer presents no such issue.

The judgment is reversed.

Works, J., and Craig, J., concurred.