MEYER WUNSCH *vs.* MARY J. DONNELLY, trustee.

Suffolk. November 10, 1938. — February 1, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Landlord and Tenant*, Time of letting, Construction of lease.

A lease dated May 22 of the roof of a building to an advertiser for five years, "beginning with the date of erection of sign," at an annual rent, the first payment to be made on the "1st day of June next," with a provision for termination by the lessee on thirty days' notice in certain circumstances, where the lessee paid the first installment of rent on June 1, was not void for uncertainty and created a tenancy whose term began not later than June 1.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 8, 1936.

A report to the Appellate Division after a finding by *Carr*, J., for the plaintiff in the sum of $400 was ordered dismissed. The defendant appealed.

*A. W. Wunderly*, for the defendant.

*A. T. Wasserman*, for the plaintiff.

Cox, J. The defendant appealed from the order of the Appellate Division dismissing the report of the trial judge, who found for the plaintiff, in an action of contract to recover rent alleged to be due in accordance with a written lease dated May 22, 1930. No question of pleading is involved and the facts are not in dispute.

The material portions of the lease are as follows: "This indenture, made this 22nd day of May A.D. 1930 between Myer Wunsch of Dorchester, Massachusetts, hereinafter called the LESSOR of the first part, and John Donnelly & Sons, hereinafter called the ADVERTISER or LESSEES of the second part, witnesseth: — That the LESSOR doth hereby DEMISE AND LEASE unto the ADVERTISER the roof of the building numbered 1445–1451 on Dorchester Ave. at Fields Corner in Dorchester, Mass. (fr 50 ft. x 12 ft.) TO HAVE AND TO

HOLD the same for the term of five (5) years beginning with the date of erection of sign. Yielding and paying therefor RENT at the rate of $100. (One Hundred) per annum to be paid in equal annual payments, the first of such payments to be made on the 1st day of June next, and at the same rate for any year unexpired at the legal termination of this lease. . . . The ADVERTISER shall have access to said roof at all reasonable times and the right to terminate this lease on thirty (30) days written notice by registered mail, if, in their opinion, the advertising placed on said signs or structures is in any way obscured by changes, buildings or improvements on the premises or adjacent premises, or if the erection, equipment or maintenance of said signs is prohibited by laws, ordinance or by-law, and, thereupon, a pro rata part of any rent paid in advance shall be repaid by the LESSOR to the ADVERTISER. . . . This instrument shall be construed as a lease and not merely as a license." The lease was signed by the duly authorized agent of the defendant, who did business under the name John Donnelly & Sons. She paid the plaintiff $100 on or before June 1, 1930.

The trial judge refused to give the following requests for rulings: "1. The lease declared upon is void for uncertainty and the plaintiff cannot recover for rent thereunder. . . . 3. The leasehold described in the so called indenture of lease offered by the plaintiff never became vested in the defendant. 4. There is no evidence that the relation of landlord and tenant between the plaintiff and defendant ever came into existence. 5. According to the terms of the written lease offered by the plaintiff in evidence, the term of the lease was not to commence until the sign was erected."

As to the fifth request the judge reported that it was "Refused — other provisions in the lease must be interpreted with the habendum clause to fix the beginning or term of the lease though doubtless before June 1, the defendant could set the time of beginning by erecting the sign." It is now the contention of the defendant that the trial judge was in error in that he failed to instruct himself that the lease was void by reason of uncertainty, or,

assuming that the lease was good, because the term had never commenced. It has not been suggested that we should not construe the written instrument as a lease or that we should not give effect to the provision in it that "This instrument shall be construed as a lease and not merely as a license." See *Alfano* v. *Donnelly*, 285 Mass. 554, 557.

"Whatever words are sufficient to explain the intent of the parties, that the one shall devest himself of the possession, and the other come into it for such a determinate time, such words, whether they run in the form of a license, covenant, or agreement, are of themselves sufficient, and will in construction of law amount to a lease for years." 4 Bacon's Abr. (7th ed.) 816, 817. It is generally held to be essential to the validity of a lease for years that it prescribe with reasonable certainty the date of commencement and the duration of the term of the lease, but this rule does not prevent the creation of tenancies in which the term is not absolutely fixed and where the time of commencement is stated to depend upon the happening of an event. After the happening of the event any uncertainty is removed and the lease in this respect is valid. *Murray* v. *Cherrington*, 99 Mass. 229, 231. *Shaw* v. *Farnsworth*, 108 Mass. 357, 360. *Freeland* v. *Ritz*, 154 Mass. 257, 259. In the case at bar, if the sign mentioned in the instrument had been erected, at least if erected before June 1, 1930, there would seem to be no difficulty in holding that the instrument created a term commencing at the time of the erection of the sign.

It is the defendant's contention that the words of the *habendum* clause make the commencement of the term entirely dependent on the erection of the sign. If the time of commencement of a tenancy is clearly conditioned on the happening of an event that does not occur, it seems clear that no tenancy can commence. *King* v. *Warfield*, 67 Md. 246. *Hammond* v. *Barton*, 93 Wis. 183. If a promise to pay rent depends upon a condition that is unperformed, no rent can be collected. *Smiley* v. *McLauthlin*, 138 Mass. 363, 364. *Wolbarsht* v. *Donnelly*, 291 Mass. 229, 233. The

existence of a tenancy is essential to the recovery of rent. *Moskow* v. *Fine*, 292 Mass. 233, 237.

The question in the case at bar, which is not free from difficulty, is to determine whether the agreement of the parties amounts to a condition that the tenancy should not commence until "the date of erection of sign." If we look at the *habendum* clause alone, it would seem that the erection "of sign" was a condition precedent to the commencement of the term, but the construction of a lease depends upon the intention of the parties to be ascertained by considering all its terms, giving to the words used the natural and reasonable meaning in the light of the facts to which they apply and the circumstances in which they are used. *Boston Molasses Co.* v. *Molasses Distributors Corp.* 274 Mass. 589, 594. *Codman* v. *Hygrade Food Products Corp.* 295 Mass. 195, 198. Compare *Malden Knitting Mills* v. *United States Rubber Co.* 301 Mass. 229. In the application of this rule it is necessary to look at the entire instrument. It appears that the *reddendum* clause provides that the rent is to be paid in equal annual payments, "the first of such payments to be made on the 1st day of June next." Another provision of the instrument is that the tenant shall have the right to terminate the lease upon thirty days written notice if the erection, equipment or maintenance of the sign is prohibited by laws, ordinance, or by-law. We do not think these last two provisions of the lease can be disregarded in construing the effect of the provision as to the erection of the sign. As already pointed out, the existence of a tenancy is essential to the recovery of rent, and here the parties have not only agreed upon the amount of rent but the defendant paid the first yearly instalment on or before the date on which, under the terms of the instrument, it was said to be due. If the tenancy was not to begin until the date of the erection of the sign, there would seem to be little, if any, need for the insertion in the instrument of the provision giving the tenant the right to terminate the lease if there were any lawful prohibition against its erection.

In our opinion the parties intended the creation of a

tenancy, the term of which was to begin not later than June 1, 1930, and that the condition appearing in the *habendum* clause was to be limited in scope to the time prior to June 1, 1930, which was the date when the first annual payment of rent was to be made. *Proprietors of the South Congregational Meeting-house in Lowell* v. *Hilton*, 11 Gray, 407. *Davis* v. *Taylor-Lowenstein & Co.* 158 Ala. 227, 230. *Munzer* v. *Parker*, 108 Minn. 505. Under such a construction the clause giving the tenant the option to terminate the lease could be given full effect. When we have in mind the provisions of the latter clause, the defendant's argument as to the hardship in the event that a permit for the erection of a sign could not be obtained is not impressive. Where the *habendum* provided that the commencement of the term of a lease was "*from* the first day" of the month, and the rent was payable on "the first day" of the month, it was held that these provisions were not inconsistent and that the term would commence on the first day of the month and include that day. *Deyo* v. *Bleakley*, 24 Barb. S. C. 2, 14. *Meeks* v. *Ring*, 51 Hun, 329, 332. In the case of *H. S. & D. Investment Co.* v. *McCool*, 139 Ore. 266, 269, where the defendant alleged that the term of the lease was uncertain, the court said, "His [the defendant's] payment of rental for the first month would indicate that he did not, at that time, consider the lease indefinite and uncertain."

> *Order dismissing report affirmed.*