EDWARD E. BURNS & another *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

Middlesex.   November 4, 5, 1942. — December 28, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Landlord and Tenant,* Construction of lease, Termination of lease. *Evidence,* Extrinsic affecting writing.

The term of a lease with an habendum clause defining it as from May 1, 1938, to April 30, 1941, and a "postponement clause" giving the lessor the right to postpone the "commencement" of the lease, the occupancy of the lessee and the beginning of rent pending the making of alterations and repairs, terminated on April 30, 1941, although its beginning was delayed under the "postponement clause" until July 15, 1938.

Evidence that in negotiations preceding the making of a lease the parties had agreed on a three year term could not control unambiguous provisions in the lease whose proper interpretation fixed a termination in less than three years.

CONTRACT.   Writ in the First District Court of Eastern Middlesex dated July 16, 1941.

There was a finding for the plaintiffs by *Davis*, J.    The Appellate Division for the Northern District ordered judgment for the defendant entered.    The plaintiffs appealed.

*P. E. Troy*, for the plaintiffs.

*C. W. O'Brien*, for the defendant.

QUA, J.    The plaintiffs sue for rent alleged to be due them for the period from May 1, 1941, to July 15, 1941, on a lease of a store in Malden.    The defendant contends that the lease terminated by its own terms on April 30, 1941, and that no rent accrued thereafter.

The question can be settled by a construction of the language of the lease.    The habendum clause defines the term of the lease as "from the first day of May 1938, to the last day of April, 1941," but this must be construed in connection with a so called "postponement clause," also included in the lease, which reads, "Whereas part of the demised premises are now occupied by other tenants, and it may be impossible or difficult for the Lessor to complete the repairs and alterations which he herein agrees to make at his own expense to fit the premises for the occupancy of the Lessee on or before May 1, 1938, the commencement of this lease may be postponed by the Lessor until such time as he does complete the repairs and alterations which he herein agrees to make according to A & P Specifications #1211, but not beyond August 1, 1938.    If said repairs and alterations are not completed by August 1, 1938, the Lessee has the option of cancelling this lease.    In no event will rent begin until said repairs and alterations to be made by the Lessor have been completed and the premises turned over to the Lessee."

There was evidence that delay did occur in completing the repairs and alterations to be made by the lessors and that the parties "finally agreed on July 15, 1938, as the date when the lessee would take over the premises and start paying rent."

The postponement of the date when the term began in accordance with the "postponement clause" did not correspondingly extend the end of the term beyond the last day of April named in the habendum as the date of termination.    Fixed dates were stated in the lease both for the

commencement and for the end of the term, subject however to the qualification in the "postponement clause" that the date fixed for the "commencement" might be "postponed" by the lessors to meet an anticipated difficulty. See *Wunsch* v. *Donnelly*, 302 Mass. 286. There was no similar provision for the postponement of the date fixed in the lease for its termination. The term would be whatever time might intervene between the date finally ascertained in accordance with the "postponement clause" as the date of "commencement" and April 30, 1941, which was the fixed date of termination. The error in the plaintiffs' contention rests upon their assumption that the lease was to be for a term of three full years. There is nothing in the lease to support this assumption. Nowhere in it is there any mention of a term of three years. In our opinion the lease is plain and free from ambiguity. Parol evidence that at some stage in their negotiations before the lease was executed the parties had agreed upon a three year term cannot be permitted to control the interpretation of the written instrument as finally drawn up and executed.

Other questions argued need not be discussed, and since in no event could rent accrue after the termination of the lease on April 30, 1941, the plaintiffs cannot recover rent for any period subsequent to that date.

*Order of Appellate Division for judgment*
*for defendant affirmed.*